STATE of Wisconsin EX REL. Jace C. SCHMELZER, Petitioner, †

v.

James P. MURPHY, Warden, Green Bay Correctional Institution, Respondent.

Court of Appeals

*No. 95–1096–W.  Submitted on petition April 19, 1995.—Decided May 24, 1995.*

(Also reported in 535 N.W.2d 459.)

†Petition to review granted.

1

For the petitioner the cause was submitted on the petition of *Keith A. Findley*, assistant state public defender.

No memoranda was submitted by the respondent.

Before Anderson, P.J., Brown and Nettesheim, JJ.

PER CURIAM.   Jace C. Schmelzer petitioned the Wisconsin Supreme Court for a writ of habeas corpus alleging that his appellate counsel was constitutionally ineffective by failing to file a timely petition for review of our opinion affirming his conviction for second-degree sexual assault.[1] The petition seeks to have the supreme court consider his petition for review on the merits. The supreme court transferred the petition to this court concluding in a *pro forma* order that this court has jurisdiction to consider the petition. We conclude that, assuming arguendo that appellate counsel was ineffective for failing to timely file the petition for review, the appropriate remedy is beyond our authority. Therefore, we deny the petition for a writ of habeas corpus.

---

[1] *State v. Schmelzer*, No. 94-0582-CR, unpublished slip op. (Wis. Ct. App. Jan. 4, 1995).

■

The guarantee of counsel on appeals as of right includes the guarantee of effective assistance of counsel. *State ex rel. Flores v. State*, 183 Wis. 2d 587, 605, 516 N.W.2d 362, 367 (1994). This extends to the representation provided in the preparation of a petition for review when appellate counsel finds arguable merit to a petition for review. *See State v. Mosley*, 102 Wis. 2d 636, 668, 307 N.W.2d 200, 217 (1981).[2]

■

To establish a claim of ineffective assistance of counsel, a defendant must show that counsel's performance was both deficient and prejudicial. *Flores*, 183 Wis. 2d at 620, 516 N.W.2d at 373. In determining whether there was any act or omission which would constitute deficient performance, the standard is one of reasonable professional judgment or reasonable professional conduct. *Id.*

■

Here, appellate counsel intended to pursue a petition for review, but apparently miscalculated the

---

[2] *State v. Mosley*, 102 Wis. 2d 636, 668, 307 N.W.2d 200, 217 (1981), holds that unless appellate counsel finds no arguable merit to a petition for review, "the public defender has the duty . . . to represent an indigent criminal defendant through the appellate process . . . [which] includes the preparation of a petition for review and, if review is accepted by this court, briefing and oral argument." RULE 809.32, STATS., extends the no merit report procedure to petitions for review and thus suggests the statutory right to counsel in petitions for review. Where one has a statutory right to counsel, the right necessarily includes the right to effective counsel. *A.S. v. State*, 168 Wis. 2d 995, 1002, 485 N.W.2d 52, 54 (1992).

deadline and failed to timely file the petition for review.[3] Counsel's performance was deficient.

Schmelzer argues that when counsel fails to file a timely petition for review, it is prejudicial per se. He contends that because review in the supreme court is entirely discretionary and the supreme court does not provide reasons for accepting or denying such review, an individual in his position could never show that it was likely that the supreme court would have taken the petition for review if timely filed. We agree that to require a petitioner to demonstrate that the supreme court would have accepted review is a formidable burden. However, we need not decide whether appellate counsel's failure to timely file the petition for review is prejudicial per se.[4] Assuming arguendo that appellate

---

[3] Our opinion affirming the conviction was issued January 4, 1995. The time for filing a petition for review with the supreme court was February 3, 1995. *See* § 808.10, STATS., and RULE 809.62, STATS. On February 6, 1995, appellate counsel filed an incomplete petition for review and a motion for enlargement of the time to file reasons in support of the petition on the ground that he became ill on January 30 and was thereby prevented from competently and effectively completing the petition. By an order of February 6, 1995, the supreme court dismissed the petition for review as untimely.

[4] In the case of complete denial of appeal, prejudice is presumed. *State ex rel. Flores v. State*, 183 Wis. 2d 587, 620, 516 N.W.2d 362, 373 (1994). Here, Schmelzer has had his appeal as of right and review in the supreme court is discretionary. Thus, we question whether the failure to timely file a petition for review is per se ineffective assistance of counsel. Yet from our vantage point, imposing a burden on a petitioner to demonstrate that the petition would have been granted is no assistance in our determination of the claim. Given our institutional limits, we, like a petitioner, can only speculate as to how

counsel was ineffective, we conclude that the appropriate remedy is beyond the authority of the court of appeals.

In *State v. Knight*, 168 Wis. 2d 509, 520, 484 N.W.2d 540, 544 (1992), the supreme court held that a claim of ineffective assistance of appellate counsel following perfected and completed appellate review is properly brought by a petition for a writ of habeas corpus before the appellate court that heard the appeal. The basis for the chosen forum is that the court that heard or would have heard the appeal is better suited to determine whether appellate counsel's performance was deficient and prejudiced the defendant and is able to closely link any remedy to the scope of the constitutional violation. *Id.* at 520-21, 484 N.W.2d at 544-45. The remedy most closely linked to appellate counsel's failure to timely file the petition for review is that which Schmelzer seeks—to have the supreme court consider the petition for review on the merits. That could be accomplished by an order or writ permitting the belated filing of a petition for review.

██

We lack authority to grant the relief requested.[5] The thirty-day time limit in § 808.10, STATS., and RULE

the supreme court would exercise its discretionary power of review in each case.

[5] *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992), may be read to imply that the court of appeals appropriately determines whether the failure to file a petition for review with the supreme court constitutes ineffective assistance of counsel. One of Knight's claims of ineffective assistance of appellate counsel was that counsel failed to petition the supreme court for review. *Id.* at 513-14, 484 N.W.2d at 541. Although the court held that claims of ineffective assistance of appellate counsel should be raised by a petition for a writ of habeas corpus in the

809.62, STATS., is jurisdictional and deemed not extendable. *See First Wisconsin Nat'l Bank of Madison v. Nicholaou*, 87 Wis. 2d 360, 364-66, 274 N.W.2d 704, 706-07 (1979). We lack authority to extend the time for filing the petition for review.

■

We have *sua sponte* considered the possibility of vacating our decision in Schmelzer's appeal and reentering that decision so as to start the time for filing a petition for review anew. Wisconsin has long rejected the attempt to extend nonextendable jurisdictional time limits simply by setting aside one judgment and entering a new one. *See Filer & Stowell Co. v. Chicago, M. & St. P. Ry.*, 161 Wis. 591, 596-97, 155 N.W. 118, 120 (1915); *Richter v. Standard Mfg. Co.*, 224 Wis. 121, 126, 271 N.W. 14, 16-17 (1937). *See also Marsh v. City of Milwaukee*, 104 Wis. 2d 44, 310 N.W.2d 615 (1981) (holding that because time for appealing judgment had passed, the appellant was not allowed to extend that time by an appeal from a motion for reconsideration which simply relitigated issues determined in the judgment). Moreover, *Knight* rejected as "oblique" permitting a circuit court to remedy the consequences

court of appeals, it did not address the substance of Knight's claims or potential remedies to be afforded. *Id.* at 514, 484 N.W.2d at 541 ("We are not asked to resolve the underlying issue of whether the defendant received effective appellate representation."). Knight's subsequent petition for a writ of habeas corpus was denied by this court. *State ex rel. Knight v. Murphy*, No. 92-3085-W, unpublished order (Wis. Ct. App. Dec. 12, 1994). On Knight's claim that appellate counsel was ineffective for failing to pursue a petition for review, we concluded that the appropriate remedy is beyond our authority. *Id.*, unpublished order at 18. The supreme court denied review of our decision on May 2, 1995.

8

of ineffective assistance of appellate counsel through vacating and reinstating a sentence in order to allow a fresh appeal. *Knight*, 168 Wis. 2d at 519, 484 N.W.2d at 544. Finally, we have no jurisdiction to vacate or modify a judgment after the record is remitted to the circuit court.[6] *See State v. American TV & Appliance*, 151 Wis. 2d 175, 178, 443 N.W.2d 662, 663 (1989). *See also State v. Thiel*, 171 Wis. 2d 157, 159, 491 N.W.2d 94, 95 (Ct. App. 1992) (holding that we may reconsider decisions pursuant to RULE 809.24, STATS., at any time prior to remittitur when no petition for review is filed or within thirty days of the filing of a petition for review).

Although habeas corpus is an equitable doctrine which gives us authority to tailor an appropriate remedy, *Knight*, 168 Wis. 2d at 520-21, 484 N.W.2d at 544, we lack authority to require the supreme court to accept for filing or consider the petition for review on the merits. We only have supervisory jurisdiction over actions and proceedings in the circuit courts. *State ex rel. Swan v. Elections Bd.*, 133 Wis. 2d 87, 91, 394 N.W.2d 732, 734 (1986). We have no authority over the supreme court.

We assume arguendo that Schmelzer was denied the effective assistance of appellate counsel. We deny the petition for a writ of habeas corpus because we have no remedy to provide. We conclude that the proper forum for raising an issue of ineffective assistance of appellate counsel based on counsel's failure to timely file a petition for review is in the Wisconsin Supreme Court. That is the court that would have considered the petition but for counsel's conduct. That court alone can

[6] Remittitur occurred on February 7, 1995, in Schmelzer's appeal.

provide the relief most tailored to remedy the constitutional violation.

*By the Court.*—Writ denied.