STATE of Wisconsin EX REL. Jace C. SCHMELZER, Petitioner-Petitioner,

v.

James P. MURPHY, Warden, Green Bay Correctional Institution, Respondent.

Supreme Court

*No. 95–1096–W. Oral argument February 28, 1996.—Decided May 22, 1996.*

(Also reported in 548 N.W.2d 45.)

For the petitioner-petitioner there was a brief and oral argument by *Keith A. Findley*, assistant state public defender.

For the respondent the cause was argued by *James M. Freimuth*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

ROLAND B. DAY, C.J.   This case is before the court on review of a decision of the court of appeals

denying a writ of habeas corpus. Jace C. Schmelzer (Schmelzer) petitioned this court for a writ of habeas corpus alleging that his former appellate counsel was ineffective in failing to file a timely petition for review of an unpublished opinion of the court of appeals affirming his conviction for second-degree sexual assault. This court ordered the petition transferred to the court of appeals. The court of appeals concluded that it did not have the authority to order this court to consider a petition for review, and thus denied the writ of habeas corpus. *See State ex rel. Schmelzer v. Murphy*, 195 Wis. 2d 1, 535 N.W.2d 459 (Ct. App. 1995). The issue in this case is whether there is a statutory right to counsel in the preparation of a petition for review to this court. We conclude that there is such a right to counsel, and that Schmelzer's counsel performed deficiently in failing to timely file his petition for review. However, we also conclude that the deficient performance did not prejudice Schmelzer's defense because his petition for review would not have been granted by this court. We therefore do not grant Schmelzer the relief he requested in his writ of habeas corpus.

Following a jury trial, Schmelzer was convicted of one count of second-degree sexual assault and sentenced to ten years in prison. Schmelzer appealed his conviction, arguing that the circuit court erroneously allowed the state to impeach him with evidence of an incident occurring five years before the trial in which Schmelzer gave a false identity to a police officer and a judge following his arrest on a traffic matter. The court of appeals, in an unpublished opinion, rejected Schmelzer's arguments and affirmed the conviction. The court of appeals issued its opinion on January 4, 1995. Schmelzer's attorney agreed to file a petition for review. Pursuant to Wis. Stat. § 808.10 (1993-94) and

249

Wis. Stat. § (Rule) 809.62 (1993-94), Schmelzer's petition for review was due 30 days after issuance of the court of appeals opinion, or February 3, 1995. Schmelzer's attorney miscalculated the deadline for filing the petition, believing it was due on February 6, 1995.[1] On that date, Schmelzer's attorney filed a petition for review along with what he described as a "draft of the reasons in support of granting the Petition" and a motion asking for an extension of time to file the final draft of the reasons supporting the petition. This court issued an order dated February 6, 1995, dismissing the petition as untimely.

Through successor counsel, Schmelzer filed a petition for a writ of habeas corpus requesting that his former counsel be found ineffective and that this court consider his petition for review. Pursuant to his reading of *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992), Schmelzer's counsel filed the petition in this court. This court, by an order, transferred the case to the court of appeals. The court of appeals, as already noted, concluded it could not order the remedy Schmelzer requested and denied Schmelzer's writ of habeas corpus. *Schmelzer*, 195 Wis. 2d at 4.

Schmelzer claims that his former counsel provided ineffective assistance in failing to timely file his petition for review. "The guarantee of counsel on appeals as of right includes the guarantee of effective assistance of counsel." *State ex rel. Flores v. State*, 183 Wis. 2d 587, 605, 516 N.W.2d 362 (1994) (citing, inter alia, *Knight*,

---

[1] In the motion Schmelzer's attorney later filed with his petition for review, Schmelzer's attorney alleged that he was suffering from the flu during the time he was preparing the petition and stated that the petition would be filed "on the current deadline of February 6."

168 Wis. 2d at 511-12). The State argues that because there is no constitutional right to counsel in the discretionary review granted by this court, *see Ross v. Moffitt*, 417 U.S. 600, 610-16 (1974), Schmelzer has no right to effective representation on a petition for review. Schmelzer in turn argues that this court recognized a right to effective assistance of counsel on petitions for review in *State v. Mosley*, 102 Wis. 2d 636, 307 N.W.2d 200 (1981). We agree.

In *Mosley*, this court determined that Wis. Stat. § (Rule) 809.32(4) (1977),[2] allowing "no merit" reports in petitions for review, complied with the right to counsel granted by the federal constitution. The court held

---

[2] Wis. Stat. § (Rule) 809.32(4) (1977) provided:

> (4) If a fully briefed appeal is taken to the court of appeals and the attorney is of the opinion that a petition to appeal in the supreme court under Rule 809.62 would be frivolous and without any arguable merit, the attorney shall advise the defendant of the reasons for his opinion and that the defendant has the right to file a petition to appeal. If requested by the defendant, the attorney shall file the petition to appeal and the defendant shall file a statement of reasons in support of the petition.

The current version, Wis. Stat. § (Rule) 809.32(4) (1993-94), provides:

> (4) If a fully briefed appeal is taken to the court of appeals and the attorney is of the opinion that a petition for review in the supreme court under s. 809.62 would be frivolous and without any arguable merit, the attorney shall advise the defendant of the reasons for this opinion and that the defendant has the right to file a petition for review. If requested by the defendant, the attorney shall file a petition satisfying the requirements of s. 809.62(2)(d) and (f) and the defendant shall file a supplemental petition satisfying the requirements of s. 809.62(2)(a), (b), (c) and (e). The petition and supplemental petition shall both be filed within 30 days of the date of the decision of the court of appeals. An opposing party may file a response to the petition and supplemental petition within 10 days of the service of the supplemental petition.

that § 809.32(4) did not deprive a defendant of his or her right to counsel because, under *Moffitt*, 417 U.S. at 610-16, there is no federal constitutional right to counsel beyond first appeals of right. *Mosley*, 102 Wis. 2d at 667-68. The court in *Mosley* further stated:

> Because we find this reasoning [in *Moffitt*] persuasive in light of Wisconsin appellate structure and procedure, we decline the defendant's invitation to go beyond the federal constitutional holding and reach a contrary result based on independent state constitutional grounds. We emphasize, however, that absent a finding of no arguable merit under sec. 809.32(4), Stats., subsequent to a decision by the court of appeals, the public defender has the duty, which remains undiminished by our decision in the present case, to represent an indigent criminal defendant through the appellate process. *See, e.g.*, sec. 977.05(4)(j), Stats. In proceedings before this court, this includes the preparation of a petition for review and, if review is accepted by this court, briefing and oral argument.

*Id.* at 667-68. This court's holding in *Mosley* is thus comprised of two parts: first, that the no merit procedure under § 809.32(4) is not in violation of the state and federal constitution; second, that the public defender nonetheless has a statutory duty under Wis. Stat. § 977.05(4)(j) (1977)[3] to provide counsel in other cases, that is, in cases where a no merit report is not

---

[3] Section 977.05(4)(j) provided in pertinent part that the public defender shall:

(j) At the request of any person determined by the state public defender to be indigent or upon referral of any court to prosecute a writ of error, appeal, writ of habeas corpus or other post-conviction or post-commitment remedy on behalf of such person before any court, if the state public defender is first satisfied there is arguable merit to such proceedings.

filed, through the filing of the petition for review and through the subsequent proceedings in this court if the petition for review is accepted. We reiterate this holding in the instant case. Read together, Wis. Stat. §§ 809.32(4) and 977.05(4)(j) create a right to counsel in petitions for review and cases before any court, provided that the counsel does not determine the appeal to be without merit.

Where a statutory right to counsel exists, we have held that the right includes the right to effective counsel. *A.S. v. State*, 168 Wis. 2d 995, 1002-03, 485 N.W.2d 52 (1992). We therefore next consider the issue Schmelzer raises in his petition for writ of habeas corpus: whether he received ineffective assistance of counsel.

In order to prove a claim of ineffective assistance of counsel, the defendant must show that his or her counsel performed deficiently and that the deficient performance prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Flores*, 183 Wis. 2d at 620. Here, there is no question that the performance of counsel was deficient. Schmelzer's attorney failed to submit the petition for review before the 30-day deadline, a deadline this court has held to be juris-

---

The present wording of the relevant portion of § 977.05(4)(j) is:

(j)  [A]t the request of any person determined by the state public defender to be indigent or upon referral of any court, prosecute a writ of error, appeal, action or proceeding for habeas corpus or other postconviction or post-commitment remedy on behalf of the person before any court, if the state public defender determines the case should be pursued. . . .

*See* 1995 Wis. Act 27, § 7265 (amending Wis. Stat. § 977.05(4)(j) (1993-94)).

dictional and non-extendable. *See First Wis. Nat'l Bank v. Nicholaou,* 87 Wis. 2d 360, 364-66, 274 N.W.2d 704 (1979). There could be no strategic reason for missing such a deadline.

We thus turn to the next question: whether the deficient performance of Schmelzer's counsel prejudiced his defense. The state argues that a defendant in Schmelzer's position can never show prejudice, because he or she would never be able to prove that this court would have accepted review. Schmelzer argues that prejudice must be presumed in such an instance, because the defendant has lost his or her chance to ask the court for review. We note, however, that the petition for review at issue in the present case is available for our review.[4] After reading Schmelzer's petition for review, we conclude that the deficient performance of Schmelzer's counsel did not prejudice his defense because his petition for review would not have been granted by this court. *See* Wis. Stat. § (Rule) 809.62(1) (1993-94). Because Schmelzer suffered no prejudice to his defense from his counsel's deficient performance, his claim for ineffective assistance of counsel must fail and we need not consider his argument that prejudice must be presumed in his case. Our conclusion that Schmelzer's petition for review would not have been granted also dictates the result of any relief we could grant in this case. Even if we were to grant Schmelzer the specific relief he requests in his petition for writ of habeas corpus—allowing the late filing and considera-

---

[4] The petition for review was on file with this court in case number 94-0582-CR. Schmelzer's petition for writ of habeas corpus and his brief before this court specifically request the court to consider this petition.

tion of his petition for reviw—we would not grant his petition.

Nonetheless, we note that the situation presented by this case may perhaps occur again, and we thus point out several factors in this case which favor granting relief. We make these observations in order to clarify the scope of this decision and to provide guidance to defendants who may face Schmelzer's situation in the future. Schmelzer, in his brief before this court, accurately characterizes the present case as one where an attorney agreed to perform an act and then "dropped the ball." Schmelzer was in effect provided with no assistance, because his attorney never filed a valid petition for review. "Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." *Strickland*, 466 U.S. at 692; *see also Flores*, 183 Wis. 2d at 620. Schmelzer thus raises a strong argument that prejudice must be presumed in such an instance, although we do not reach this issue in this case. Finally, we reiterate that this court in a habeas corpus action may grant relief suited to the scope of the violation, *see Knight*, 168 Wis. 2d at 520-21, and that this court has the power to issue any writs necessary to further the administration of justice, *see* Wis. Const. art. VII, § 3[5]; Wis. Stat. § 751.07 (1993-94).[6] This court does have the power to order the relief required in the present case: the late filing of a petition for review. We hold that a defendant in

[5] Article VII, § 3(2) provides in part that "[t]he supreme court may issue all writs necessary in aid of its jurisdiction."

[6] Section 751.07 provides in part: "In addition to the writs under article VII, section 3, of the constitution the supreme court may issue all writs necessary to enforce the administration of justice."

Schmelzer's situation may petition this court for a writ of habeas corpus, and, should the writ be granted, this court has the power to allow the late filing of the petition for review. As stated above, we do not grant the defendant in this case the relief he requests because allowing a late filing of his petition for review would be useless, as we have already considered the petition and would not grant it.

■■■■■■

This court has previously adopted the rule of *Griffith v. Kentucky*, 479 U.S. 314 (1987), that a new rule of criminal procedure is applicable to cases in the direct appeal "pipeline," that is, cases that are not yet final at the time of the rule's announcement. *See State v. Koch*, 175 Wis. 2d 684, 694, 499 N.W.2d 152 (1993), *cert. denied*, 114 S. Ct. 221 (1993). Relying in part on our opinion in *Koch*, the court of appeals has recently concluded that it would also adopt the rule of the plurality[7] opinion in *Teague v. Lane*, 489 U.S. 288 (1989), that a new rule of criminal procedure should not be applied retroactively to cases on collateral review.[8] *See State v. Horton*, 195 Wis. 2d 280, 287, 536

---

[7] As the court of appeals in *Horton* observed, the plurality opinion in *Teague* has subsequently been endorsed by a majority of the Supreme Court. *See State v. Horton*, 195 Wis. 2d 280, 286-87, 536 N.W.2d 155 (Ct. App. 1995) (citing *Graham v. Collins*, 506 U.S. 461 (1993)).

[8] The *Teague* plurality opinion noted two exceptions to its holding. If a new rule provides constitutional protection to a "primary activity" which the court determines to be "beyond the power of the criminal law-making authority to proscribe," or if the new rule requires observance of procedures "implicit in the conduct of ordered liberty," it should be applied retroactively. *Teague*, 489 U.S. at 311, 314 (quoting *Mackey v. United States*, 401 U.S. 667, 692, 693 (1971)). The Court also described the new rules subject to the second exception as "watershed rules of

N.W.2d 155 (Ct. App. 1995). The *Horton* court reasoned that *Teague*'s rule promotes the interest of finality of criminal trials, and has been adopted by other state courts. *See Horton*, 195 Wis. 2d at 287-90, 289 n.6 (citing cases from other jurisdictions). As the plurality opinion in *Teague* notes:

> The "costs imposed upon the State[s] by retroactive application of new rules of constitutional law on habeas corpus . . . generally far outweigh the benefits of this application." [*Solem v. Stumes*, 465 U.S. 638, 654 (1984) (Powell, J., concurring in judgment).] In many ways the application of new rules to cases on collateral review may be more intrusive than the enjoining of criminal prosecutions, cf. *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), for it *continually* forces the States to marshal resources in order to keep in prison defendants whose trials and appeals conformed to then-existing constitutional standards.

*Teague*, 489 U.S. at 310. We agree with the reasoning of *Horton*, and hereby explicitly endorse the rule of *Teague* for application of new rules to collateral appeals in Wisconsin.

The application of *Teague* to the present case, however, presents a special problem. First, the *Teague* plurality also holds that "habeas corpus cannot be used as a vehicle to create new constitutional rules of criminal procedure unless those rules would be applied retroactively to *all* defendants on collateral review through one of the two exceptions we have articulated." *Teague*, 489 U.S. at 316. Compliance with this part of *Teague*'s holding is impossible in the present case. The rule we here announce, based on a statutory right to

criminal procedure" that implicate the fundamental fairness and accuracy of the criminal trial. *Id.* at 311, 312.

counsel and not a constitutional right, does not rise to the level of giving protection to a "primary activity" or invoking an "absolute prerequisite to fundamental fairness," *Teague*, 489 U.S. at 314, so neither exception allowing retroactivity is present. However, according to *Knight*, 168 Wis. 2d at 522, a claim of ineffective assistance of appellate counsel may *only* be heard through a petition for a writ of habeas corpus. Applying *Teague* strictly would mean that this court could *never* announce a new rule of law relating to this type of claim unless the new rule fell into one of the two exceptions, a result plainly absurd. We therefore conclude that where, as in the present situation, a type of claim may only be made through a form of collateral relief, the creation of new rules of law is not forbidden by the *Teague* rule as adopted by this court for use in Wisconsin. Furthermore, we conclude that we may apply the new rule announced in this case to the defendant, Schmelzer, although, consistent with *Teague*, we do not apply it retroactively to cases finalized before the issuance of this opinion. This result is somewhat inequitable, in that we have afforded relief to one defendant while not allowing relief to others similarly situated—the result disfavored in *Griffith*. Nonetheless, we conclude it would be more inequitable, under the special situation posed here, to adopt *Teague*'s holding entirely and not only deny the benefit of the new rule to this defendant but also to foreclose the possibility of *any* new rules being created in this type of case.

Thus, under our present adoption of the rule in *Teague* and our previous adoption of the rule in *Griffith*, *see Koch*, 175 Wis. 2d at 694, the new rule of law we announce in this case is applicable to cases in the

direct appeal "pipeline," but not to cases finalized[9] before the date of issuance of this opinion.

*By the Court.*—Writ granted; rights declared.

---

[9] As this court noted in *Koch*, a case is not yet final when "prosecution is pending, no judgment of conviction has been entered, the right to a state court appeal from a final judgment has not been exhausted, and the time for certiorari review in the United States Supreme Court has not expired." *Koch*, 175 Wis. 2d at 694 (citing *Griffith*, 479 U.S. at 321 n.6). The peculiar nature of the claim in the present matter creates another category of unfinalized claims: petitions for writs of habeas corpus alleging ineffective assistance of appellate counsel filed, pursuant to *State v. Knight*, with this court prior to the issuance of this opinion but not yet acted upon by this court.