STATE of Wisconsin EX REL. Jose DeJesus FUENTES,
Petitioner,

v.

WISCONSIN COURT OF APPEALS, DISTRICT IV, Respondent.

Supreme Court

*No. 98–1534–W. Oral argument February 12, 1999.—Decided
May 14, 1999.*

(Also reported in 593 N.W.2d 48.)

446

447

For the petitioner there were briefs by *Robert T. Ruth* and *Ruth Law Office,* Madison and oral argument by *Robert T. Ruth.*

For the respondent the cause was argued by *Monica A. Burkert-Brist,* assistant attorney general with whom on the brief was James *H. McDermott,* assistant attorney general, and *James E. Doyle,* attorney general.

¶ 1.   ANN WALSH BRADLEY, J.   Jose DeJesus Fuentes petitions this court for a writ of habeas corpus following the court of appeals' conclusion that it was powerless to afford Fuentes relief from the effects of its clerical error. Fuentes contends that the court of appeals' clerical error violated his statutory right to petition this court for review of his conviction, depriving him of the effective assistance of counsel. Because Fuentes has demonstrated that his liberty is restrained, that he has a legally cognizable right vio-

lated by the court of appeals' error, and that no remedy is available to him other than habeas corpus, we grant his petition for a writ of habeas corpus and allow him to seek review of his conviction.

¶ 2. The unfortunate facts of this case fortunately occur infrequently. Fuentes was tried and convicted of first degree reckless homicide and sentenced to 40 years in prison. He filed notice of intent to pursue postconviction relief and the State Public Defender appointed Attorney Teresa M. Elguezabal as his appellate counsel. Elguezabal filed an appeal on behalf of Fuentes in the court of appeals. After she filed the briefs but before any decision was rendered, Elguezabal left private practice and withdrew as Fuentes' counsel. Shortly thereafter, the State Public Defender appointed Attorney Robert T. Ruth as Fuentes' counsel.

¶ 3. Two months later, on March 12, 1998, the court of appeals affirmed Fuentes' conviction. In the course of notifying the parties of the decision, the clerk of the court of appeals inadvertently mailed the decision to Elguezabal's former firm rather than to Ruth's firm. The errant mailing was never forwarded to Ruth and he did not have any other notice that the court of appeals had affirmed Fuentes' conviction. On April 16, 1998, the clerk of the court of appeals remitted the record to the circuit court clerk. Although he did not receive the court's written decision, Ruth received the notification that remittitur had occurred. Wis. Stat. § 809.26(1) (1997–98).[1] However, by the time Ruth received such notification, the 30-day period to petition this court for review had expired and remittitur had occurred. Wis. Stat. § 809.62.

---

[1] All references are to the 1997–98 version of the statutes unless otherwise noted.

¶ 4. Ruth moved the court of appeals for an order vacating and reissuing its decision, an act that would have in effect provided Fuentes with another 30-day period in which to file a petition for review in this court. In an unpublished order, the court of appeals denied his motion. It expressed regret and noted that the court of appeals was entirely at fault for the error of mailing the decision to the incorrect attorney. However, the court concluded that under the rules of appellate procedure, it was without power to vacate and reissue a decision after remittitur had occurred. Fuentes then petitioned this court for a writ of habeas corpus and seeks relief that would allow him to petition this court for review of the court of appeals' decision on the merits of his conviction.

¶ 5. The parties are in agreement, and this court concurs, that Ruth's actions or inactions are not the root of Fuentes' appellate misfortune. That responsibility, however inadvertent, lies solely at the feet of the court of appeals. As a result, by the time of oral argument, any disagreement between the court of appeals and Fuentes centered on the appropriate nature of the remedy rather than on the necessity for a remedy.

¶ 6. The availability of habeas corpus relief arises out of the common law and is guaranteed by both the state[2] and federal[3] constitutions as well as by statute.[4] Although a habeas corpus petition normally arises out of criminal proceedings, it is a separate civil action founded upon principles of equity. *State ex rel. Korne v. Wolke*, 79 Wis. 2d 22, 26, 255 N.W.2d 446 (1977); *State ex rel. Durner v. Huegin*, 110 Wis. 189,

---

[2] Wis. Const. Art. I, § 8, cl. 4.

[3] U.S. Const. Art. I, § 9, cl. 2.

[4] Wis. Stat. § 782.03.

220, 85 N.W. 1046 (1901). This foundation empowers a court of equity to tailor a fair and just remedy to the given factual circumstances provided that the remedy does not itself violate the constitution. *State v. Knight*, 168 Wis. 2d 509, 520–21, 484 N.W.2d 540 (1992); *State ex rel. Memmel v. Mundy*, 75 Wis. 2d 276, 288, 249 N.W.2d 573 (1977).

¶ 7. Habeas corpus provides extraordinary relief and is available only where specific factual circumstances are present. First, the party seeking habeas corpus relief must be restrained of his or her liberty. *See State ex rel. Hake v. Burke*, 21 Wis. 2d 405, 124 N.W.2d 457 (1963); *State ex rel. Wohlfahrt v. Bodette*, 95 Wis. 2d 130, 132–33, 289 N.W.2d 366 (Ct. App. 1980). Second, the person's restraint must have been imposed by a tribunal without jurisdictional power over the person or subject matter, or the restraint must have occurred contrary to constitutional protections. *State ex rel. Warrender v. Kenosha County Court*, 67 Wis. 2d 333, 339, 231 N.W.2d 193 (1975); *Wolke v. Fleming*, 24 Wis. 2d 606, 613–14, 129 N.W.2d 841 (1964); Edwin E. Bryant, *9 Wisconsin Pleading and Practice* § 84.03, p. 223–24 (3d ed. 1998). Third, the person improperly restrained must have no other adequate remedy available in the law. *State ex rel. Dowe v. Waukesha County Circuit Court*, 184 Wis. 2d 724, 729, 516 N.W.2d 714 (1994) (collecting cases).

¶ 8. In the present petition, there is no doubt that Fuentes satisfies the first requirement. He is restrained of his liberty as he is currently confined in a correctional facility serving the term of his sentence. Similarly there is little doubt that Fuentes has satisfied the second requirement as well. Fuentes has been deprived of a cognizable right with constitutional

dimensions—the right to effective assistance of counsel in the preparation of a petition for review when appellate counsel is statutorily required. *State ex rel. Schmelzer v. Murphy*, 201 Wis. 2d 246, 253, 548 N.W.2d 45 (1996); *State v. Mosley*, 102 Wis. 2d 636, 668, 307 N.W.2d 200 (1981). It is the third requirement, the unavailability of other remedies, that is primarily at issue in this petition.

¶ 9.   Fuentes has argued that one possible avenue of relief is through the court of appeals' ability to vacate and reissue its decisions in limited circumstances. He posits that the court of appeals inherently has, or at the very least should be expressly given, the authority to correct its own clerical errors by vacating and reissuing its decisions.

¶ 10.   In *Edland v. Wisconsin Physicians Service Ins. Corp*, 210 Wis. 2d 638, 644–45, 563 N.W.2d 519 (1997), this court faced a situation strikingly similar to this case with one important variation: the circuit court rather than the court of appeals committed the clerical error. As the court of appeals recognized in denying Fuentes' order, this seemingly insignificant distinction carries with it a substantial difference. Under Wis. Stat. § 806.07(1)(a), a circuit court is authorized to "relieve a party. . .from a judgment" because of mistake or inadvertence. Thus this court concluded that the circuit court's clerical failure to send either party a copy of a decision was a "mistake" covered by § 806.07(1)(a). *Edland*, 210 Wis. 2d at 648.

¶ 11.   There is no equivalent to Wis. Stat. § 806.07(1)(a) in the rules of appellate procedure for either the court of appeals or this court. We agree with the court of appeals that as the rules of appellate procedure are currently constituted, an appellate court's jurisdiction over a cause ceases upon remittitur in the

absence of inadvertence, fraud, or a void judgment. Wis. Stat. § 809.26; *State v. American TV and Appliance of Madison, Inc.*, 151 Wis. 2d 175, 178–80, 443 N.W.2d 662 (1989).

¶ 12.   While Fuentes argues that "inadvertence" did occur in this case, namely the inadvertent mailing of the decision to the incorrect attorney, we decline his invitation to expand that exception to encompass general acts of inadvertence. Rather, the language and context of this exception indicate that it is the act of remitting the record itself which must be inadvertently done to fall within this exception. *Ott v. Boring*, 131 Wis. 472, 487, 110 N.W. 824 (1907) ("[T]he jurisdiction of the appellate court over a given cause terminates whenever regularly, without inadvertence or fraud, it returns the record to the court of general jurisdiction.").

¶ 13.   We therefore conclude that since remittitur occurred in this case, the court of appeals correctly determined that it retained no jurisdiction over Fuentes' appeal. Accordingly, we also conclude that Fuentes could be afforded no other remedy aside from the commencement of a petition for habeas corpus.

¶ 14.   Additionally, we observe that under the rule of *State ex rel. Schmelzer v. Murphy*, 195 Wis. 2d 1, 9–10, 535 N.W.2d 459 (Ct. App. 1995) (*Schmelzer I*), Fuentes correctly filed his petition for habeas corpus in this court. The *Schmelzer I* court accurately determined that the court of appeals is not in the constitutional position to grant habeas corpus relief when that relief has the effect of compelling this court to undertake some act. *Id.*

¶ 15. Finally, we note that our decision today comports with *State ex rel. Schmelzer v. Murphy*, 201 Wis. 2d 246, 255–56, 548 N.W.2d 45 (1996) (*Schmelzer II*). In that case, the defendant's attorney incorrectly calculated the 30-day period in which to file a petition for review and missed that date by three days. *Id.* at 250. As in the present case, remittitur had already occurred, depriving the court of appeals of appellate jurisdiction. We concluded that in such cases where a defendant is deprived of the effective assistance of counsel, this court was constitutionally empowered to fashion an appropriate remedy by way of its habeas corpus authority. *Id.* at 255–56. We today merely reassert the *Schmelzer II* rationale that a defendant's prejudicial deprivation of appellate counsel, be it the fault of the attorney or of the appellate court, is properly remedied by filing a petition for habeas corpus in this court.

¶ 16. In sum, we conclude that Fuentes is entitled to habeas corpus relief from the court of appeals' clerical error. Fuentes has demonstrated that his liberty is restrained, that he has a legally cognizable right that was violated, and that no other remedy is available to him. Accordingly, we grant the writ for habeas corpus and afford Fuentes 30 days from the date of this opinion in which to file a petition for review in this court.[5]

---

[5] In its brief to this court, the court of appeals contends that Fuentes' petition for habeas corpus was not properly filed pursuant to Wis. Stat. § 782.04 because it was not verified at the time it was filed. However, nineteen days after filing the petition and a month before this court accepted his petition for briefing and argument, Fuentes did file a separate verification.

*By the Court.*—The petition for habeas corpus is granted; rights declared.

_____

While we consider it much better practice to have a petition verified at the time that it is filed, we see no point in belaboring this issue. As the court of appeals admitted at oral argument, even if we were to dismiss the petition on this procedural basis, Fuentes could immediately re-file the petition and we would again be faced with the larger and more substantive issues that have been addressed above.