In re the TERMINATION OF PARENTAL RIGHTS TO
ALEXANDRIA G., a person under the age of 18:

AMY W., Petitioner-Respondent,

v.

DAVID G., Respondent-Petitioner.

Court of Appeals

*No. 2013AP731–W. Submitted on a petition April 18, 2013.
—Decided May 29, 2013.*

2013 WI App 83

(Also reported in 834 N.W.2d 432.)

On behalf of the respondent-petitioner, the cause was submitted on a petition for writ of habeas corpus of *Joseph N. Ehmann*, assistant state public defender of Madison.

On behalf of the petitioner-respondent, a response was submitted by *Stephen M. Govin* of Law Office of *Stephen M. Govin, LLC*, Milwaukee.

A guardian ad litem response was submitted by *Joseph G. Alioto*, Milwaukee.

Before Brown, C.J., Neubauer, P.J., and Reilly, J.

¶ 1. NEUBAUER, P.J. The issue is whether the writ of habeas corpus may be used in this court to seek relief from a termination of parental rights (TPR) even though there is no restraint of liberty of the respondent-petitioner David G. This issue comes about because David's appellate counsel failed to appeal before the deadline, and the legislature has decreed that the time for filing an appeal of a TPR may not be enlarged when the petition was filed by someone other than a representative of the public. Therefore, if we are not able to recognize that David has a right to raise ineffectiveness of counsel, he will never have an appeal—through no fault of his own. We hold that the use of habeas corpus is appropriate where a person seeks to challenge a TPR and

there is no other legal remedy. We grant the petition and remand the cause for further proceedings.

¶ 2. David petitioned for a writ of habeas corpus in this court, asking us to revive his lapsed appeal deadline to seek review of an order terminating his parental rights to his nonmarital daughter, Alexandria G. David alleges that his appointed appellate counsel rendered ineffective assistance. *See State v. Knight*, 168 Wis. 2d 509, 520, 484 N.W.2d 540 (1992). Pursuant to this court's order of April 4, 2013, Alexandria's mother, Amy W., and Alexandria's guardian ad litem (GAL) have responded to David's petition. Neither Amy W. nor the GAL objects to granting David's petition or takes a position on the underlying ineffectiveness claim. We conclude that David has stated good cause for granting the writ and for granting the Office of the State Public Defender (SPD) leave to appoint new counsel.

¶ 3. Alexandria was born during David and Amy's cohabitation. David left when Alexandria was about two and one-half years old. When Alexandria was about eight, Amy filed a petition to terminate David's parental rights. Although David contested the TPR, he admitted the ground of abandonment and the court terminated his rights. David timely filed a notice of intent to pursue postdisposition relief and requested appointed counsel. The SPD appointed counsel, and, on August 27, 2012, counsel told David she would review the record for a possible ineffective-assistance-of-counsel claim. Counsel did not contact David between August 27 and the November 2, 2012 deadline for filing a notice of appeal, nor did she file the notice of appeal or a notice of abandonment under WIS. STAT. RULE 809.107(5)(am) (2011–12).[1] David telephoned counsel twice in late

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

November 2012 and again in January 2013 asking about the status of his appeal. Counsel discussed the possible ineffectiveness claim but did not advise him that the time to appeal had passed.

¶ 4. After David's appointed counsel was chastised for missing an appeal deadline in another TPR matter, the SPD retracted her eligibility to accept TPR appointments. The SPD also filed a motion in this court for leave to appoint successor counsel and to extend the deadline for filing a notice of appeal. We denied the motion because the time for filing an appeal in a TPR case not filed by a representative of the public cannot be enlarged. *See* WIS. STAT. RULE 809.82(2)(b).[2] Counsel filed an affidavit acknowledging as fact the above assertions. On David's behalf, the SPD filed this petition for a writ of habeas corpus.

■■

¶ 5. Habeas corpus is an extraordinary writ available only under limited circumstances. *State ex rel. Haas v. McReynolds*, 2002 WI 43, ¶ 12, 252 Wis. 2d 133, 643 N.W.2d 771. Habeas corpus relief is an appropriate remedy for a petitioner seeking relief due to ineffective assistance of appellate counsel. *Knight*, 168 Wis. 2d at 520. In particular, our supreme court has deemed a writ of habeas corpus the proper method by

---

[2] WISCONSIN STAT. RULE 809.82 governs computation and enlargement of time in appellate procedure. Paragraph (2)(a) allows this court to enlarge or reduce the time periods in the rules "upon its own motion or upon good cause." Paragraph (2)(b) states as follows:

> Notwithstanding par. (a), the time for filing a notice of appeal or cross-appeal of a final judgment or order, other than in an appeal under [WIS. STAT. RULE] 809.107 of a judgment or order that was entered as a result of a petition under [WIS. STAT. §] 48.415 that was filed by a representative of the public under [WIS. STAT. §] 48.09 or an appeal under [WIS. STAT. RULE] 809.30 or 809.32, may not be enlarged.

which to raise an ineffectiveness claim where, as here, counsel allows a deadline that cannot be extended to lapse. *See State ex rel. Schmelzer v. Murphy*, 201 Wis. 2d 246, 250, 548 N.W.2d 45 (1996) (failure to timely file a petition for review); *see also State ex rel. Griffin v. Smith*, 2004 WI 36, ¶ 45, 270 Wis. 2d 235, 677 N.W.2d 259 (failure to timely file for certiorari review).

■

¶ 6. A petitioner who seeks habeas corpus relief must meet three criteria. The petitioner must demonstrate that: (1) he or she is restrained of his or her liberty, (2) the restraint was imposed either by a tribunal without jurisdiction or contrary to constitutional protections, and (3) there was no other adequate remedy available in the law. *State ex rel. L'Minggio v. Gamble*, 2003 WI 82, ¶ 18, 263 Wis. 2d 55, 667 N.W.2d 1.

¶ 7. As to the first prong, neither David nor Alexandria is restrained of his or her liberty. Nonetheless, habeas corpus proceedings have been used in TPRs in Wisconsin. *See, e.g., State ex rel. Lewis v. Lutheran Soc. Servs.*, 68 Wis. 2d 36, 37, 227 N.W.2d 643 (1975). Wisconsin courts also have deemed their use appropriate for the adjudication of legal custody. *See Anderson v. Anderson*, 36 Wis. 2d 455, 459, 153 N.W.2d 627 (1967); *see also Bellmore v. McLeod*, 189 Wis. 431, 433, 207 N.W. 699 (1926). The question in such matters is not physical restraint but the assertion of a lawful right to retain custody of the child. *Anderson*, 36 Wis. 2d at 459.

■■

¶ 8. As to the second prong, it is true that the Sixth Amendment right to counsel does not apply to civil matters. *Oneida Cnty. DSS v. Nicole W.*, 2007 WI 30, ¶ 33, 299 Wis. 2d 637, 728 N.W.2d 652. We do, however, apply Sixth Amendment concepts in the context of TPR proceedings. *Id.* The Due Process Clause of

the Fourteenth Amendment to the United States Constitution and article I, sections 1 and 8, of the Wisconsin Constitution also provide "heightened legal safeguards" when one's parental rights are at stake. *See Evelyn C.R. v. Tykila S.*, 2001 WI 110, ¶ 21, 246 Wis. 2d 1, 629 N.W.2d 768 (United States Constitution); *Kenosha Cnty . DHS v. Jodie W.*, 2006 WI 93, ¶ 39, 293 Wis. 2d 530, 716 N.W.2d 845 (Wisconsin Constitution). TPR proceedings merit heightened protections because they implicate a parent's fundamental liberty interest in the "companionship, care, custody, and management" of his or her children. *Brown Cnty. v. Shannon R.*, 2005 WI 160, ¶ 59, 286 Wis. 2d 278, 706 N.W.2d 269 (citation omitted). "A fundamental guarantee of due process of law is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' " *Id.*, ¶ 64 (citation omitted).

¶ 9. Finally, David has no other remedy. Through no fault of his own, he missed the filing deadline and was statutorily precluded from having it extended because this case was filed by a private party rather than a governmental entity. *See* Wis. Stat. Rule 809.82(2)(b).

¶ 10. The right to counsel in TPR proceedings is accorded by statute. *Nicole W.*, 299 Wis. 2d 637, ¶ 33; *see also* Wis. Stat. §§ 48.23(2) and 48.43(6). A statutory right to counsel includes the right to the effective assistance of counsel. *A.S. v. State*, 168 Wis. 2d 995, 1004, 485 N.W.2d 52 (1992). Examining the effectiveness of counsel's assistance in an involuntary TPR proceeding invokes the familiar two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *A.S.*, 168 Wis. 2d at 1005; *Nicole W.*, 299 Wis. 2d 637, ¶ 33. The party must show that counsel's performance was deficient, i.e., that it fell below objective standards of reasonableness. *Strickland*, 466 U.S. at 687, 690. The party also must show that

counsel's performance was prejudicial, i.e., that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 687, 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

¶ 11. David contends that his appointed appellate counsel's performance was both deficient and prejudicial. We agree. It is undisputed that counsel failed to consult with David after receiving the last transcript but before the time to appeal had expired and to ascertain how he wanted to proceed. It also is undisputed that David wanted to appeal, relied on counsel to do so and did not consent to abandon his appeal or close the case. Whether to appeal was David's, not counsel's, decision to make. *See State ex rel. Flores v. State*, 183 Wis. 2d 587, 617, 516 N.W.2d 362 (1994) (stating that waiver of the "fundamental right to appeal" requires potential appellant's "knowing and intelligent participation") (citation omitted); *see also State v. Debra A.E.*, 188 Wis. 2d 111, 125–26, 523 N.W.2d 727 (1994) (stating that, while counsel may decide what issues to raise once appeal is filed, it is for client to decide whether to file the appeal and what objectives to pursue). Counsel's undisputed handling of the matter was objectively unreasonable.

 

¶ 12. David's counsel's performance also was prejudicial. Her failure to timely file a notice of appeal deprived David of his fundamental right to an opportunity to be heard on an appellate challenge to the permanent severance of his relationship with Alexandria. Counsel's failure to contact David also constructively deprived him of the assistance of counsel. "Actual or constructive denial of the assistance of counsel

601

altogether is legally presumed to result in prejudice." *Strickland*, 466 U.S. at 692.

■■■

¶ 13. So what is David's remedy? *Schmelzer* offers some guidance. The supreme court observed that Schmelzer's situation, where his attorney failed to file a valid petition for review, raised "a strong argument that prejudice must be presumed in such an instance." *Schmelzer*, 201 Wis. 2d at 255. The court reiterated that, in a habeas corpus action, it could grant relief "suited to the scope of the violation." *Id.* Thus, one in Schmelzer's situation could petition for a writ of habeas corpus and, should it be granted, the court had the power to allow the late filing of the petition for review. *Id.* at 255–56. If the relief here is to be suited to the scope of the violation, David's petition must be granted and the time to file a notice of appeal extended.

¶ 14. Finally, David raises a claim that, both facially and as applied to him, Wis. Stat. Rule 809.82(2) violates the equal protection clauses of our state and federal constitutions because of the distinction that Amy, rather than a "representative of the public," initiated the TPR. *See* Rule 809.82(2)(b). We need not reach that argument because we have concluded that the petition should be granted for the reasons stated.

¶ 15. For the reasons stated, we grant David's petition for a writ of habeas corpus, without costs. *See* Wis. Stat. Rule 809.51(3). The time for David to file a notice of appeal is extended to thirty days from the date of this opinion. The SPD is granted leave to appoint new appellate counsel for David.

*By the Court.*—Writ granted and cause remanded for further proceedings.