J-S28003-21

2021 PA Super 248

| IN THE INTEREST OF: I.M.S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| APPEAL OF: M.K., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1096 EDA 2021 |

Appeal from the Order Entered June 3, 2021
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-AP-0000099-2021

| IN THE INTEREST OF: I.S., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| APPEAL OF: M.K., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1097 EDA 2021 |

Appeal from the Order Entered June 3, 2021
In the Court of Common Pleas of Philadelphia County Juvenile Division at
No(s): CP-51-DP-0001641-2019

BEFORE:   BOWES, J., DUBOW, J., and PELLEGRINI, J.*

OPINION BY BOWES, J.:                                      **FILED DECEMBER 15, 2021**

In this consolidated appeal, M.K. ("Mother") challenges the separate orders entered on June 3, 2021, that deny her respective petitions to appeal *nunc pro tunc* from the decree involuntarily terminating her parental rights to her child, I.M.S. a/k/a I.S., and from the permanency review order that

---

* Retired Senior Judge assigned to the Superior Court.

changed the child's permanent placement goal to adoption.[1]  We reverse and remand for *nunc pro tunc* appeals.

I.M.S. was born in September 2019, and approximately one month later, she was adjudicated dependent due to Mother's on-going drug abuse and inability to care for the newborn.  The initial placement goal was reunification, and the juvenile court ordered supervised visitation.  The Philadelphia Department of Health and Human Services ("DHS") placed I.M.S. in kinship foster care with a nurse who cared for her in the newborn intensive care unit after I.M.S suffered withdrawal symptoms at birth.  She remains with this family.

On February 22, 2021, DHS filed a petition to terminate Mother's parental rights pursuant 23 Pa.C.S. § 2511(a)(1), (2),(5), (8), and § 2511(b).  Robin Winthrop Banister, Esquire, appointed by the juvenile court during the dependency proceedings, continued to represent Mother in the termination of parental rights proceedings.  Following a remote evidentiary hearing, the trial court entered an April 19, 2021 decree terminating Mother's parental rights on all five grounds.  On the same date, the court entered a juvenile court order that changed the child's permanent placement goal from reunification to adoption.  In the latter order, the trial court directed that counsel's appointment would remain active for an additional thirty-one days, ostensibly

_____

[1] As these matters involve related parties and issues, this Court consolidated the appeals *sua sponte*.

in order to file any requested appeals. The juvenile court order and the termination decree both complied with Pa.R.C.P. 236(b), which requires the prothonotary to note in the docket the giving of notice. *See Frazier v. City of Philadelphia*, 735 A.2d 113, 115 (Pa. 1999) (holding that "an order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given").

While Mother requested that Attorney Banister appeal the decree and order, timely appeals did not follow. Instead, on May 20, 2021, one day after the expiration of the respective thirty-day appeal periods, Attorney Banister filed identical petitions at the adoption docket and the dependency docket requesting to file an appeal *nunc pro tunc*.[2] In the petitions, counsel asserted that Mother requested the appeal at 3:30 p.m. on May 18, 2021, and that counsel was unable to file a timely appeal that afternoon or the following day because two unrelated dependency cases that she was handling were in "crisis mode." Petition to File Appeal *Nunc Pro Tunc*, 5/20/21. The petition neglected to explain the critical state of affairs that demanded counsel's immediate attention, and the trial court denied the petition summarily. Thereafter, Mother timely filed these appeals at the respective docket numbers and complied with Pa.R.A.P. 1925.

Mother presents four questions for our review.

---

[2] Since the petition filed at the adoption docket included an incorrect action number, Mother refiled corrected petitions on May 27, 2021*.*

- 3 -

1. Whether . . . the [trial] court erred and/or abused its discretion by denying Mother's notice of appeal *nunc pro tunc* by not considering the exception to the 30 day deadline rule as stated in **Bass v. Commonwealth**, 401 A.2d 1133 (Pa. 1979), . . . that *nunc pro tunc* relief is within the court's discretion where the appeal is not timely filed because of non-negligent circumstances, either as they relate to appellant or her counsel?

2. Whether the [trial] court erred and/or abused its discretion by not granting Mother's appeal *nunc pro tunc* because it was filed the day after the deadline, as soon as was physically possible given the circumstances of other demands being made on counsel?

3. Whether the [trial] court erred and/or abused its discretion by denying Mother's appeal *nunc pro tunc* because the delay was not due to a failure of anticipating foreseeable circumstances, in that the circumstances that caused the delay were safety emergencies and thus, unforeseeable?

Mother's brief at 4 (cleaned up) (unnecessary capitalization omitted).[3]

We review the trial court's denial of Mother's petitions to appeal *nunc pro tunc* to determine whether the trial court abused its discretion, which includes circumstances where "the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable[.]" **See Union Elec. Corp. v. Bd. Of Prop. Assessment, Appeals and Review of Allegheny Cty.**, 746 A.2d 581, 583 (Pa. 2000).

Typically, a notice of appeal must be filed within thirty days of the date that the order is entered on the record. **See** Pa.R.A.P. 903(a). However, in

_____

[3] The attorney representing the two-year-old child's legal interest and best interests filed a letter indicating that I.M.S. joined DHS's brief in support of the trial court's denial of relief.

the context of a civil case, *nunc pro tunc* relief may be granted when a litigant demonstrates that the late filing was due to non-negligent circumstances on counsel's part, the document was filed shortly after the date it was due, and the other party was not prejudiced by the delay. **See Bass**, **supra** at 1135–36 (indicating *nunc pro tunc* relief is appropriate where "[t]here has been a non-negligent failure to file a timely appeal which was corrected within a very short time, during which any prejudice to the other side of the controversy would necessarily be minimal"); **see also Criss v. Wise**, 781 A.2d 1156, 1159-60 (Pa. 2001) ("The exception for allowance of an appeal *nunc pro tunc* in non-negligent circumstances is meant to apply only in unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so.").

In rejecting Mother's request for *nunc pro tunc* relief, the trial court applied the analysis outlined in **Bass** and **Criss** and concluded, in pertinent part, that Mother failed to establish a non-negligent reason for failing to file a timely appeal because Attorney Banister's justification for the misstep, *i.e.*, a shortage of time due to two unrelated cases being in "crisis mode," was untenable in light of the circumstances surrounding counsel's continued appointment. Trial Court Opinion, 7/6/21, at 6-7. Specifically, the court highlighted that it directed counsel to remain active in Mother's case for the

express purpose of securing any requested appeals. In this vein, the court

reasoned:

> In considering the likelihood of an appeal on the merits of the termination of parental rights and/or the changing of the child's goal to adoption, the trial court also ordered on the record and digitally docketed that Mother's counsel, Robin Banister[,] was to be vacated only after 31 days, **so as to remain active throughout the appeal period of thirty days**. Counting from April 19, 2021, thirty days ended exactly on May 19, 2021, which concluded the appeal period. . . . **At no time from April 19[th] through May 19[th] did Mother or Mother's Counsel make any efforts to file any manner of written documents with the trial court to preserve an appeal**. Counsel did not even file an incomplete memorandum alerting the trial court of Mother's intent to file an appeal on the merits of the underlying dependency matter.

*Id*. at 6 (cleaned up) (unnecessary capitalization omitted) (emphases

added).[4]

> The court continued,

> Counsel instead alleges that she filed "as soon as physically possible" [a petition] indicating that although Mother requested an appeal on May 18, 2021, at 3pm, which was within the statutory appeal period, counsel did not have the time [to file the notice of appeal] since she had other cases to tend to. **It seems that when counsel did find the time to assist Mother, counsel's attempt fell short of the statutory requirements** in that a notice of appeal be filed at some point after the May 19, 2021 deadline and that such filing be non-negligent in nature. This court also considers the fact that while the courthouse

---

[4] As these appeals stem from the denial of *nunc pro tunc* relief, rather than the merits of the respective decisions to terminate parental rights and change the placement goal, the certified record does not include the transcript of the April 2021 hearing. Thus, although neither party disputes the trial court's characterization of the directives that it issued from the bench, without the notes of testimony, we cannot confirm that the trial court expressly advised Mother of her appellate rights.

remained closed to non-employees due to COVID-19, all filings were digital (as they had been for several years before the onset of COVID-19) and that digital filings are available to counsel twenty-four (24) hours per day and seven (7) days per week, **yet Counsel never found the time to file a notice of appeal**.

*Id*. at 7 (cleaned up) (unnecessary capitalization omitted) (emphases added)

It is beyond argument that Mother was entitled to effective counsel in the respective appeals. ***See In re J.T.,*** 983 A.2d 771, 774-75 (Pa.Super. 2009) ("The right to counsel in parental termination cases is the right to effective assistance of counsel even though the case is civil in nature."); ***In the Matter of J.P.***, 573 A.2d 1057 (Pa.Super. 1990) (*en banc*) (observing that parents whose children are the subjects of dependency proceedings have the right not only to counsel but to effective representation by counsel). It is equally obvious that counsel's failure to timely file the requested appeals constitutes ineffectiveness *per se*, and "the typical remedy for such ineffectiveness is to remand for an appeal *nunc pro tunc*." ***In re J.M.P.***, 863 A.2d 17, 20 (Pa.Super. 2004); ***In re B.S.***, 831 A.2d 151, 155 (Pa.Super. 2003) (noting that counsel's failure to appeal delinquency "constitutes ineffectiveness *per se*" and "typical remedy for such ineffectiveness is to remand for an appeal *nunc pro tunc*"). While the trial court accurately acknowledged counsel's failure to file the requested appeal and, in fact, chastised Attorney Banister for her inattention to Mother's appellate rights, it nevertheless declined to grant Mother appropriate relief, *i.e.*, permission to

- 7 -

appeal *nun pro tunc*. We find that the court's refusal to grant relief in the face of *per se* ineffectiveness is tantamount to an abuse of discretion.

The trial court's utilization of the three-prong *nunc pro tunc* analysis outlined in **Bass**, **supra** and **Criss**, **supra**, was inapt in the case at bar. Our high Court recently "acknowledge[d] the solemn reality that a decree terminating parental rights is widely regarded as the civil law equivalent to the death penalty, forever obliterating the fundamental legal relationships between parent and child." **In re Adoption of C.M.**, 255 A.3d 343, 362 (Pa. 2021). Indeed, unlike the majority of civil cases, the fundamental rights at issue in a termination of parental rights proceeding implicate due process protections that are more akin to those afforded a criminal defendant. **See J.T., supra** at 775-74 (addressing *sua sponte* the *per se* ineffectiveness of appointed counsel's failure to file a timely court-ordered rule 1925(b) statement in appeal from termination of parental rights).

As Mother's right to effective assistance in these proceedings is founded on constitutional grounds, Attorney Banister's *per se* ineffectiveness alleviated the need to scour Mother's petition looking for non-negligent reasons for the omission. Phrased differently, the **Bass** analysis's reference to a "non-negligent" reason presumes an ordinary degree of professional skill that was absent in this case. Hence, the trial court's application of the typical three-pronged *nunc pro tunc* analysis of a non-negligent omission was inherently flawed. In this situation, where appointed counsel failed to file the requested

appeal and the *nunc pro tunc* request was promptly filed, Mother was entitled to relief virtually as of right.

Moreover, neither the fact that counsel did not expressly assert her own ineffectiveness in requesting *nunc pro tunc* relief nor Mother's failure to assert Attorney Banister's ineffectiveness excuses the trial court's inaction. First, we observe that counsel is precluded from invoking her own ineffectiveness. ***See Commonwealth v. Betts***, 240 A.3d 616, 623 (Pa.Super. 2020) (citing ***Commonwealth v. Spotz***, 18 A.3d 244, 329 n.52 (2011) ("[C]ounsel cannot argue his or her own ineffectiveness[.]")). Second, as Mother remains represented by Attorney Banister, she cannot be expected to assert counsel's ineffectiveness contemporaneous with that representation. ***See Commonwealth v. Ellis***, 626 A.2d 1137, 1138-39 (Pa. 1993) ("[U]nder no other circumstances are counsel and client permitted to present opposing arguments[.]")). Most importantly, as set forth *infra*, Mother has no other remedy.

Unlike sister jurisdictions that permit parents to pursue ineffective assistance claims in a petition for a writ of *habeas corpus*, in Pennsylvania, claims of ineffective counsel cannot be raised in a collateral proceeding. ***See*** 17 West's Pa. Prac., Family Law § 32:6 (Joanne Ross Wilder, et al., eds. 8th ed.). Hence, counsel's failure to file the requested appeal stripped Mother of her fundamental right to challenge the termination of her parental rights. ***Compare In re Adoption of T.M.F.***, , 573 A.2d 1035, 1043 (Pa.Super. 1990)

(*en banc*) ("Any determination as to ineffectiveness of counsel must be made expeditiously in the context of the original appeal, as a collateral attack by a post-decree petition and/or appeal, after normal appeals have been exhausted, is not permissible."); **with In re Alexandria G.**, 834 N.W.2d 432 (Wis.Ct.App. 2013) (granting petition for writ of *habeas corpus* where counsel failed to timely appeal order terminating parental rights).

As neither Attorney Banister nor Mother could invoke counsel's ineffectiveness in the petition for relief and Pennsylvania does not recognize collateral proceedings in the termination of parental rights, the trial court foreclosed Mother's only available remedy by engaging in an inapt legal analysis that was predicated on a non-negligent omission. Thus, having recognized appointed counsel's failure to file the requested appeal, the trial court erred in neglecting to provide the standard remedy for the *per se* ineffectiveness, a grant of *nunc pro tunc* appeals.

In sum, notwithstanding the lack of an express assertion of ineffective assistance, which was preluded by the circumstances of this case, all of the relevant facts appeared in the petition for *nunc pro tunc* relief. Indeed, appointed counsel's failure to file a timely appeal was **the issue** raised in the petitions for *nun pro tunc* relief. Specifically, Mother averred that, although there was no doubt as to her desire to appeal the relevant orders, Attorney Banister failed to file the appeals and preserve those rights. That inaction is tantamount to *per se* ineffective assistance and Mother requested the precise

relief that she was unquestionably due. Accordingly, the trial court committed an abuse of discretion in failing to grant the patently warranted relief.

For the foregoing reasons, we reverse the trial court's orders denying the petitions for *nuc pro tunc* relief and remand for the court to reinstate Mother's appellate rights *nunc pro tunc* and appoint new counsel*.*

Orders reversed*.* Remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2021