STATE of Wisconsin EX REL. Peter D. GRIFFIN, Petitioner-Appellant,

v.

Judy P. SMITH, Warden, Respondent-Respondent.

STATE of Wisconsin EX REL. Micah E. GLENN, Petitioner-Appellant,

v.

Jon E. LITSCHER, Secretary, Department of Corrections, Judy Smith, Warden, Oshkosh Correctional Institution, and David Schwarz, Administrator, Division of Hearings and Appeals, Respondents-Respondents.

Supreme Court

*Nos. 01–2345, 02–1320. Oral argument October 13, 2003.— Decided March 30, 2004.*

2004 WI 36

(Also reported in 677 N.W.2d 259.)

238

 

For the petitioners-appellants there were joint briefs by *Nathaniel Cade, Jr.,* and *Michael Best & Friedrich LLP,* Milwaukee, and oral argument by *Nathaniel Cade, Jr.*

For the respondent-respondent and respondents-respondents the cause was argued by *James M Freimuth,* assistant attorney general, with whom on the brief was *Peggy A. Lautenschlager,* attorney general.

¶ 1. ANN WALSH BRADLEY, J. These cases are before the court on certification from the court of appeals.[1] The petitioners, Micah E. Glenn and Peter D. Griffin, assert that they were denied effective assistance of counsel when their attorneys failed to timely file a petition for writ of certiorari seeking judicial review of an administrative appeal.

¶ 2. In its certification, the court of appeals states the issue as follows:

> Whether a [parolee] has a right to the effective assistance of counsel from a [parole] revocation decision when counsel promised to file a certiorari petition.[2]

---

[1] Micah E. Glenn appeals an order of the circuit court for Milwaukee County, William Haese, Judge, denying his writ of habeas corpus.

Peter D. Griffin appeals an order of the circuit court for Milwaukee County, Michael Sullivan, Judge, denying his writ of habeas corpus.

[2] Although the court of appeals refers to the underlying matters as "probation" revocations, they are actually parole revocations. For the issues presented herein, however, our analysis applies to both.

239

¶ 3. While parolees have a right to counsel at the parole revocation hearing, we conclude that there is no administrative or statutory right to counsel to timely file for certiorari in the circuit court.[3] However, we determine that the petitioners here are entitled to relief on equitable grounds because they timely requested counsel to file for certiorari review, counsel promised to do so, and as a result of counsel's failure to timely file, they were denied certiorari review. Accordingly, we reverse the orders of the circuit courts dismissing the petitions for writ of habeas corpus, and remand with instructions to allow reinstatement of the petitioners' right to file for certiorari review.

I

¶ 4. Glenn and Griffin were represented by counsel at their respective parole revocation hearings. Following an adverse decision in each case, counsel timely filed an administrative appeal. The Division of Hearings and Appeals rejected both appeals. The petitioners allege that their counsel promised to file for certiorari review[4] in the circuit court but failed to do so.

---

[3] By "right to counsel," we mean assistance of counsel at state expense. Probationers and parolees remain free to retain private counsel at the revocation hearing and all subsequent stages of appeal.

[4] Certiorari review of a revocation decision consists of four inquiries: (1) whether the division kept within its jurisdiction; (2) whether it acted according to law; (3) whether its actions were arbitrary, oppressive, or unreasonable; and (4) whether the evidence permitted the division to reasonably make the order or determination in question. *State v. Horn,* 226 Wis. 2d 637, 652, 594 N.W.2d 772 (1999) (citing *State ex rel. Warren v. Schwarz,* 211 Wis. 2d 710, 717, 566 N.W.2d 173 (1997)).

240

¶ 5. In Glenn's case, counsel failed to file the petition for writ of certiorari altogether. In Griffin's case, counsel filed the petition, but it was dismissed as being outside the 45–day time limit established by Wis. Stat. § 893.735(2) (2001–02).[5] Both petitioners subsequently sought habeas corpus relief in the circuit court, alleging ineffective assistance of counsel for failure to timely file their petitions for certiorari review. The circuit courts denied their petitions for writ of habeas corpus.

¶ 6. Both petitioners appealed, and the court of appeals consolidated the cases. It then certified the consolidated appeals to this court. The specific facts in each case are set forth below.

## A. *State ex rel. Glenn v. Litscher*

¶ 7. Glenn was convicted of second-degree intentional homicide on October 17, 1995, and sentenced to seven years in prison. He was paroled from that sentence on December 15, 1997.

¶ 8. On February 14, 2000, Glenn was involved in an altercation and subsequently charged with battery and criminal damage to property. His parole agent initiated revocation proceedings and the administrative law judge revoked his parole on June 5, 2000. On administrative appeal, Glenn claimed that an additional allegation, that he threatened to kill his girlfriend, was wrongly used as a ground for revocation because he did not receive notice of the allegation before the hearing. The assistant administrator of the Division of Hearings and Appeals disagreed with Glenn, and affirmed his revocation on July 3, 2000.

---

[5] All references are to the 2001–02 version of the Wisconsin Statutes unless otherwise noted.

241

¶ 9. The decision upholding Glenn's revocation informed him that judicial review may be obtained by filing a petition for a writ of certiorari within 45 days of the decision to be reviewed. Around July 1, 2000, Glenn initially requested that his attorney file a petition for a writ of certiorari.

¶ 10. On July 6, 2000, Glenn met with his attorney and again asked him to file for certiorari review. Glenn's attorney requested a letter of facts and issues together with information regarding the additional allegation that Glenn had threatened to kill his girlfriend. Glenn sent that letter on July 20, 2000. On July 27, 2000, Glenn's attorney assured him that he would file for certiorari review contesting the failure to give notice of the additional allegation of threatening to kill his girlfriend as grounds for revocation. Glenn's petition for writ of certiorari was due on August 17, 2000. His attorney never filed it.

¶ 11. On December 26, 2001, Glenn submitted a pro se petition for writ of habeas corpus to this court. He alleged that his attorney provided negligent and incompetent representation by failing to file a petition for certiorari review of the parole revocation decision despite promising to do so. This court referred the petition to the Milwaukee County circuit court on February 19, 2002. Glenn filed a motion with the circuit court for a *Machner*[6] hearing on his petition for writ of habeas corpus.

¶ 12. The assistant district attorney filed a motion to dismiss Glenn's petition, and the circuit court

[6] Under *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979), a hearing may be held when a criminal defendant's trial counsel is challenged for allegedly providing ineffective assistance. At the hearing, trial counsel testifies as to his or her reasoning on the challenged action or inaction.

granted it. The court determined that Glenn was not entitled to relief based upon ineffective assistance of counsel because no constitutional or statutory right to counsel exists for certiorari review of revocation decisions. It further concluded that Glenn failed to demonstrate that his attorney's alleged deficiencies unduly prejudiced his case. Glenn now appeals.

## B. *State ex rel. Griffin v. Smith*

¶ 13. The other petitioner, Peter D. Griffin, was convicted for possession with intent to deliver cocaine base and possession with intent to deliver cocaine on December 10, 1991. He was paroled on October 14, 1997.

¶ 14. In August 2000, Griffin's parole agent found three bags of cocaine and a pager in Griffin's car. The terms of Griffin's parole prohibited possession of these items. At the revocation hearing on November 1, 2000, the administrative law judge revoked Griffin's parole. Griffin appealed and the administrator of the Division of Hearings and Appeals affirmed the revocation. That decision contained a notice that judicial review may be obtained by filing a petition for writ of certiorari within 45 days of the date of the decision to be reviewed.

¶ 15. Griffin's counsel filed a petition for writ of certiorari but missed the January 15, 2001, deadline by ten days. The attorney stated that his legal assistant had suddenly become ill, causing him to miss the deadline. He then filed a motion for extension of the 45–day filing deadline, but it was denied because the court received that motion outside the 45–day limit.

¶ 16. On May 19, 2001, Griffin filed a petition for writ of habeas corpus, alleging he had been deprived of effective assistance of counsel during the appeal of his

243

parole revocation decision. Griffin argued that his attorney failed to timely file for certiorari review despite promising to do so.

¶ 17. The circuit court dismissed Griffin's petition. It concluded that parolees do not have a constitutional or common law right to counsel for certiorari review of an administrative appeal. Griffin filed a motion to reconsider the order dismissing his petition. The judge dismissed that motion and Griffin now appeals.

## II

¶ 18. Resolution of the issue set forth in the certification by the court of appeals requires us to interpret portions of the administrative code, along with a statute. The interpretation of an administrative rule or statute presents a question of law subject to independent appellate review. *State ex rel. L'Minggio v. Gamble,* 2003 WI 82, ¶ 11, 263 Wis. 2d 55, 667 N.W.2d 1; *State v. Byers,* 2003 WI 86, ¶ 12, 263 Wis. 2d 113, 665 N.W.2d 729.

¶ 19. When interpreting an administrative regulation, we generally use the same rule of interpretation as applicable to statutes. *State v. Busch,* 217 Wis. 2d 429, 441, 576 N.W.2d 905 (1998). Our goal in statutory or administrative rule interpretation is to discern the intent of the legislature or the rule maker. *See State ex rel. Staples v. Young,* 142 Wis. 2d 348, 353, 418 N.W.2d 333 (Ct. App. 1987). Our duty to fulfill this intent requires that we uphold the separation of powers by not substituting judicial policy views for the views of the

legislature or rule making authority. *State ex rel. Cramer v. Schwarz,* 2000 WI 86, ¶ 18, 236 Wis. 2d 473, 613 N.W.2d 591.

¶ 20. We begin with the question certified by the court of appeals:

> Whether a [parolee] has a right to the effective assistance of counsel from a [parole] revocation decision when counsel has promised to file a certiorari petition.

¶ 21. The habeas petitions here are predicated on the existence of a right to effective representation by counsel on certiorari review of an adverse administrative appeal. In addressing the certified question, we note that this court has generally held that where a right to counsel exists, counsel must be effective. *See State ex rel. Schmelzer v. Murphy,* 201 Wis. 2d 246, 253, 548 N.W.2d 45 (1996). Thus, the relevant inquiry becomes whether there is a right to counsel to timely file for certiorari review of a parole revocation administrative decision.

¶ 22. In this case, the petitioners do not contend that there is a constitutional right to counsel to file their petitions for certiorari review. We agree. The Supreme Court has not extended a per se Sixth Amendment right to counsel at revocation hearings or certiorari review of revocation decisions in part because probationers and parolees have a more limited due process right than those who have not yet been convicted of a crime. *See Gagnon v. Scarpelli,* 411 U.S. 778, 782 (1973). ("Probation revocation, like parole revocation, is not a stage of a criminal prosecution . . . .") A

parole revocation is the product of an administrative proceeding and the mechanism for challenging the revocation is a writ of certiorari asking the court to review the administrative decision. *See Cramer,* 236 Wis. 2d 473, ¶ 28.

¶ 23. Instead, the petitioners rely upon administrative and statutory authority to advance their position. In their briefs to this court, they argue, "the Wisconsin Administrative Code plainly grants defendants a statutory right to counsel to pursue certiorari review of probation or parole revocation decisions." At oral argument, they further asserted that Wis. Stat. § 977.05(6)(h) provides a statutory basis for the right to counsel throughout the revocation proceedings, including certiorari review in the circuit court. We examine each of these arguments.

¶ 24. Under Wis. Admin. Code § HA 2.05(3) (Sept. 2001), every parolee or probationer facing revocation has certain enumerated rights:

(3) CLIENT'S RIGHTS. The client's rights at the hearing include:

(a) The right to be present;

(b) The right to deny the allegation;

(c) The right to be heard and to present witnesses;

(d) The right to present documentary evidence;

(e) The right to question witnesses;

(f) *The right to assistance of counsel;*

(g) The right to waive the hearing;

(h) The right to receive a written decision stating the reasons for it based upon the evidence presented; and

(i) The right to appeal the decision in accordance with sub. (8)

Wis. Admin. Code § HA 2.05(3) (emphasis added).

¶ 25. Subsection (8), in turn, provides for an administrative appeal of a revocation decision to the administrator of the Division of Hearings and Appeals. It states:

> The client, the client's attorney, if any, or the department representative may appeal the administrative law judge's decision by filing a written appeal with arguments and supporting materials, if any, with the administrator within 10 days of the date of the administrative law judge's written decision.

Wis. Admin. Code § HA 2.05(8) (Sept., 2001).

¶ 26. The petitioners assert that when "[r]ead conjunctively, § HA 2.05(3) and § HA 2.05(8) demonstrate that a parolee has the right to an attorney during the entire parole revocation process." We disagree.

¶ 27. Wisconsin Administrative Code § HA 2.05(8) outlines the appeals process for revocation proceedings. Significantly, only one appeal is specified in its text: the initial ten-day administrative appeal. We cannot find authority in the code to extend the right to assistance of counsel to the filing of a petition for certiorari review. Indeed, the 45–day time limit for certiorari review is specified in a different statute altogether. *See* Wis. Stat. § 893.735(2). As a result, we reject the petitioners' assertion that the Wisconsin Administrative Code "plainly grants" them a right to counsel to file a petition for certiorari review.

¶ 28. We next turn to the petitioners' argument that Wis. Stat. § 977.05(6)(h) provides a statutory basis for the right to counsel throughout revocation proceedings, including certiorari review.[7] The statute provides:

> (h) The state public defender may not provide legal services or assign counsel in parole or extended supervision revocation proceedings unless all of the following apply:
>
> 1. The parolee or person on extended supervision is contesting the revocation of parole or extended supervision.
>
> 2. The department of corrections seeks to have the parolee or person on extended supervision imprisoned upon the revocation of parole or extended supervision.

Wis. Stat. § 977.05(h).[8] At oral argument, the petitioners relied upon this statute, in conjunction with

---

[7] Although the petitioners principally rely on Wis. Stat. § 977.05(6)(h) as the statutory basis for their argument, they make reference in one paragraph in their reply brief to Chapter 227. Specifically, they cite language in Wis. Stat. § 227.53 referring to "the party's attorney of record" as evidence that "the legislature seem[ed] to have contemplated an attorney's continued involvement when administrative proceedings are reviewed in circuit court." This undeveloped reference sheds little light on the issue. Further, we note that probation and parole revocation proceedings are not subject to the review provisions of Chapter 227. *State ex. rel. Hanson v. Department of Health and Human Services,* 64 Wis. 2d 367, 377, 219 N.W.2d 267 (1974).

[8] Wisconsin Stat. § 977.05(i) is the companion statute for prisoners on probation. It states:

> The public defender may not provide legal services or assign counsel in probation revocation proceedings unless all of the following apply:
>
> 1. The probationer is contesting the revocation of probation.

*Schmelzer,* 201 Wis. 2d at 253, to advance their position that they are entitled to an attorney at all stages of the revocation proceedings, including certiorari review.

¶ 29. In *Schmelzer,* the defendant's attorney failed to file a timely petition for review of the court of appeals' decision affirming his conviction for second-degree sexual assault. *Id.* at 249. The issue was whether there is a statutory right to counsel in the preparation of a petition for review to this court. *Id.* Read together, we concluded that "Wis. Stat. §§ 809.32(4)[9] and 977.05(4)(j)[10] create a right to counsel in petitions for review and cases before any court, provided that the counsel does not determine the appeal to be without merit." *Id.* at 253. The petitioners interpret the phrase "cases before any court" to mean that they are entitled

2. The department of corrections seeks to have the probationer imprisoned upon the revocation of probation or a stayed sentence of imprisonment will be imposed on the probationer upon the revocation of probation.

[9] Wisconsin Stat. § (Rule) 809.32(4) (1993–94) provides in part:

If a fully briefed appeal is taken to the court of appeals and the attorney is of the opinion that a petition for review in the supreme court under s. 809.62 would be frivolous and without any arguable merit, the attorney shall advise the defendant of the reasons for this opinion and that the defendant has the right to file a petition for review. . . .

[10] Wisconsin Stat. § 977.05(4)(j) (1993–94) provides in part:

[A]t the request of any person determined by the state public defender to be indigent or upon referral of any court, prosecute a writ of error, appeal, action or proceeding for habeas corpus or other postconviction or post-commitment remedy on behalf of the person before any court, if the state public defender determines the case should be pursued . . . .

to counsel beyond the administrative appeal so long as their petitions for certiorari are not frivolous.

¶ 30. The problem with the petitioners' reliance on *Schmelzer* begins with the statutory authority they cite. As noted above, *Schmelzer* established a right to counsel from the reading together of two statutes: Wis. Stat. §§ 809.32(4) and 977.05(4)(j). Here, the petitioners rely solely on one statute, § 977.05(6)(h), to advance this argument. Unlike Wis. Stat. § 977.05(4)(j), Wis. Stat. § 977.05(6)(h) is not a statutory *duty* for public defenders to pursue the case of an indigent person; rather, it is a statutory *restriction* on when public defenders may not provide legal services. Although we recognize that public defenders may be permitted to provide representation when the conditions of Wis. Stat. § 977.05(6)(h) are met, we fail to see how the statute requires them to do so. Indeed, when examining other statutes providing for the right to counsel, we note that the legislature has used affirmative and explicit language.[11] Accordingly, we reject the petitioners' argument that by negative implication the language

---

[11] Wisconsin Stat. § 977.05(4) provides in part:

(4) DUTIES. The state public defender shall:

. . .

(i) Provide legal services in:

1. Cases involving persons charged with a crime against life under ss. 940.01 to 940.12.

2. Cases involving persons charged with a felony not specified under subd. 1.

3. Cases involving persons charged with a misdemeanor that is punishable by imprisonment but is not specified under subd. 1.

4. Cases involving persons subject to emergency detention or involuntary civil commitment under ch. 51.

250

of § 977.05(6)(h) mandates a per se right to assistance of counsel for filing a petition for certiorari review of an administrative appeal.

¶ 31. In sum, although the petitioners' argument to extend the right to counsel may appeal to common sense, we can find no administrative or statutory authority granting a right to assistance of counsel in their petition for a writ of certiorari. It may be good policy, but we cannot substitute judicial policy views for the policy views of the legislature or rule making authority.

---

5. Cases involving children who are entitled to counsel or are provided counsel at the discretion of the court under s. 48.23 or 938.23.

7. Cases involving paternity determinations, as specified under s. 767.52, in which the state is the petitioner under s. 767.45(1)(g) or in which the action is commenced on behalf of the child by an attorney appointed under s. 767.045(1)(c).

(j) Subject to sub. 6(e) and (f), at the request of any person determined by the state public defender to be indigent or upon referral of any court, prosecute a writ of error, appeal, action or proceeding for habeas corpus or other postconviction or post-commitment remedy on behalf of the person before any court, if the state public defender determines the case should be pursued. The state public defender must pursue the case of any indigent person entitled to counsel under s. 971.17(7)(b)1, or 980.03(2)(a).

(jm) At the request of an inmate determined by the state public defender to be indigent or upon referral of a court under s. 302.113(9g)(j), represent the inmate in proceedings for modification of a bifurcated sentence under s. 302.113(9g) before a program review committee and the sentencing court, if the state public defender determines the case should be pursued.

(k) Represent members of the staff of the office of the state public defender who are named as defendants in lawsuits arising from their duties within the office. The attorney general may also, if appropriate, represent such staff members in such litigation. In cases where a member could be represented by either the public defender or the attorney general, the public defender shall determine who shall represent the member.

251

As a result, we conclude that there is no per se right to counsel to timely file for certiorari review.

## IV

¶ 32. Having determined that the petitioners are not entitled to a per se right to counsel to timely file for certiorari review, our inquiry does not end there. We must next examine if equity requires the granting of relief.

¶ 33. We begin by noting that in some cases, a factual question may exist as to whether a revoked parolee timely asked counsel to file a petition for certiorari review, whether counsel promised to do so, and whether as a result of counsel's failure to timely file, the revoked parolee was denied certiorari review. This may require an evidentiary hearing by the circuit court.

¶ 34. In the present case, however, such a hearing is unnecessary. The petitioners' attorneys have accepted responsibility for missing the filing deadline for the certiorari petitions. Moreover, the State has conceded that, "[u]nder these circumstances, Griffin and Glenn probably are entitled to reinstatement of the right to certiorari review of their parole revocations based on equitable grounds."

¶ 35. The 45–day time limit for filing the petitioners' certiorari review is set forth in Wis. Stat. § 893.735.[12] According to the statute, a prisoner's cer-

---

[12] Wisconsin Stat. § 893.735 provides in part:

"An action seeking a remedy available by certiorari made on behalf of a prisoner is barred unless commenced within 45 days after the cause of action accrues. The 45–day period shall begin on the date of the decision or disposition, except that the court may extend the

tiorari action is "barred" unless timely commenced. Wis. Stat. § 893.735. The 45–day period begins on the date of the decision or disposition. *Id.* However, the court may adjust the commencement of the time limit so that it does not start running until the prisoner receives actual notice of the administrative decision. *Id.* This suggests that the legislature recognized, at least in one instance, that it would be inequitable to give less than the full 45 days provided for in the statute.

¶ 36. When applying Wis. Stat. § 893.735(2), the court of appeals has also recognized equitable considerations. Specifically, the court of appeals has tolled the 45–day period when a prisoner submitted a letter to the prison mail custodian for mailing. *State ex rel. Shimkus v. Sondalle,* 2000 WI App 238, 13–14, 239 Wis. 2d 327, 620 N.W.2d 409. It has tolled the 45–day period from the date on which a prisoner seeking to waive filing fees asks the department of corrections for the required trust account statement. *State ex rel. Walker v. Mc-Caughtry,* 2001 WI App 110, 16, 244 Wis. 2d 177, 629 N.W.2d 17. Moreover, it has tolled the 45–day period while it waited for the department of corrections to provide certification of the number of litigation dismissals the prisoner has accumulated. *State ex rel. Locklear v. Schwarz,* 2001 WI App 74, 26, 242 Wis. 2d 327, 629 N.W.2d 30.

---

period by as many days as the prisoner proves have elapsed between the decision or disposition and the prisoner's actual notice of the decision or disposition. . . ."

We have previously held that a person seeking relief from probation revocation by a writ of certiorari is a "prisoner" who must satisfy the timely filing requirements of § 893.735. *See State ex rel. Cramer v. Schwarz,* 2000 WI 86, ¶ 35, 236 Wis. 2d 473, 613 N.W.2d 591.

¶ 37. Likewise, this court has required equitable tolling in other contexts where the failure to timely file an appeal was beyond the prisoners' control. *See State ex rel. Nichols v. Litscher,* 2001 WI 199, 247 Wis. 2d 1013, 635 N.W.2d 292; *State ex. rel. Brown v. Bradley,* 2003 WI 14, 259 Wis. 2d 630, 658 N.W.2d 427. In *Nichols,* this court applied equitable tolling in a case where an inmate left his notice of appeal with the corrections officer in the mailroom at the prison, and missed the 30–day filing deadline because the notice was not mailed immediately. 247 Wis. 2d 1013, 4. In *Brown,* we granted the same relief because we determined that the inmate was "similarly situated." 259 Wis. 2d 630, 37.

¶ 38. We are mindful that in the above cases, the factual question of the proper tolling date generally could be resolved by the use of court records, department of correction records, or prison records. Determining whether and when an attorney promised to file a certiorari petition may prove a more difficult task. Nevertheless, we are unable to discern any reason why prisoners who retain counsel should be placed at a disadvantage simply because they relied on counsel's promise. Accordingly, we conclude that petitioners are entitled to equitable relief when they timely ask counsel to file for certiorari, counsel promises to do so, and as a result of counsel's failure to timely file they were denied certiorari review. Provided that the petitioners timely pursue relief, the 45–day time limit for the filing of a writ of certiorari is equitably tolled as of the date that counsel promises to file for certiorari review.

254

## V

■

¶ 39. The final question we consider is whether the tolling rule we adopt today should receive prospective or retroactive application. In its brief, the State argues that to the extent this court grants relief, such a holding should not apply retroactively. Rather, it urges that our holding should be limited to cases for which certiorari review is still available, but also encompassing Glenn and Griffin. We agree.

¶ 40. The State advances that we should employ the retroactive analysis used in *Brown,* 259 Wis. 2d 630. There, we applied the three-pronged test of *Chevron Oil Co. v. Huson,* 404 U.S. 97 (1971) to the new tolling rule.[13] *Id.,* ¶ 15. The test asks:

> (1) Does the rule 'establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed?'
>
> (2) Will retroactive operation further or retard the operation of the rule in question?

---

[13] The concurrence of Justice Sykes asserts that this case should be governed by the retroactivity analysis of *Teague v. Lane,* 489 U.S. 288 (1989) and *State ex rel. Schmelzer v. Murphy,* 201 Wis. 2d 246, 258–59, 548 N.W.2d 45 (1996). Justice Sykes's concurrence at ¶ 64. The parties' briefs neither cite to *Teague* nor discuss the application of its retroactivity analysis here. Likewise, the parties do not cite *Schmelzer* for the application of its retroactivity analysis. Any reference to *Schmelzer* in the parties' brief is for an entirely different argument—what constitutes ineffective assistance of counsel. Because the parties do not raise the issue addressed by the concurrence of Justice Sykes, and thus did not brief or argue the issue, we do not address it here.

(3) Will retroactive application produce substantial inequitable results?

*Id.*, ¶ 15 (citing *Chevron*, 404 U.S. at 106).

¶ 41. The first factor "inquires whether the new rule overruled past precedent or decided an issue of first impression whose resolution was not clearly foreshadowed." *Id.*, ¶ 18. We determine that this factor favors prospective application as our rule does not overrule past precedent, but rather decides an issue whose resolution was uncertain.

¶ 42. The second factor examines whether retroactivity "would further or retard the operation of" the new rule or holding. *Id.*, ¶ 21. This too favors prospective application. We agree with the State that in many cases, a challenge to revocation will have become moot because the period of reincarceration has been served. Moreover, due to the passage of time, it would likely be difficult for courts to make such a fact-specific determination.

¶ 43. The third factor involves consideration of "the equities of retroactivity." *Id.*, ¶ 25. We determine that this also favors prospective application. Here, we consider the interests that the State, crime victims, and the public have in the finality of the decision. "Full retroactive application could produce inequitable results because it opens up cases that have long been thought by everyone, including crime victims, to have been final." *Id.* Additionally, as noted above, due to the passage of time, the parties may have difficulty in addressing whether and when an attorney has promised to file a certiorari petition.

¶ 44. In the end, we agree with the State that our tolling rule should not apply retroactively, but rather "be limited to cases for which certiorari review is still

available, but also encompassing *Griffin* and *Glenn*." This limited application is consistent with our holdings in *Schmelzer* and *Brown*. *Schmelzer*, 201 Wis. 2d at 258–59; *Brown*, 259 Wis. 2d 630, ¶ 26. "Such an approach permits some pro se prisoners to benefit from the new rule without the accompanying difficult proof problems which frustrate the operation of the rule." *Brown*, 259 Wis. 2d 630, ¶ 26. Moreover, such a limited reapplication "recognizes the finality of case and the inequities that result from reopening cases thought to be long since closed." *Id.*

## VI

¶ 45. In sum, we conclude that although parolees have a right to counsel at the parole revocation hearing, they have no administrative or statutory right to counsel to timely file for certiorari in the circuit court. However, we determine that the petitioners here are entitled to relief on equitable grounds because they timely asked counsel to file for certiorari, counsel promised to do so, and the failure to timely file led to dismissal of their petitions. Accordingly, we reverse the orders dismissing the petitions for writ of habeas corpus, and remand with instructions to allow reinstatement of the petitioners' right to certiorari review.[14]

*By the Court.*—The orders of the circuit courts are reversed and the causes remanded.

¶ 46. SHIRLEY S. ABRAHAMSON, C.J. (*concurring*). I write separately not to criticize the majority

[14] In Glenn's case, the court should toll the running of the 45–day time limit as of the date that the attorney promised to file the petition for certiorari review, July 27, 2000. In Griffin's case, the court shall accept as timely filed the petition it previously rejected for certiorari review.

opinion for what it does say, but rather to point out what it does not say. For the second time in three years, a majority of this court avoids addressing an issue of importance, namely, whether a parolee has a right to the assistance of counsel when filing an administrative appeal to the Division of Hearings and Appeals from a parole revocation decision.

¶ 47. Because this important issue affects many hearings and will arise again, and because the parties have briefed the issue, I conclude that the court should address it and hold that a right to counsel exists when filing an administrative appeal.

I

¶ 48. I would address the issue of the right to the assistance of counsel when filing an administrative appeal even though it is not dispositive. To determine whether to address issues that are raised, argued, and briefed by the parties but are not necessary to the disposition of a case, I would apply the rationale for addressing the merits of a moot issue. The court should decide an issue if it "(1) is of great public importance; (2) occurs so frequently that a definitive decision is necessary to guide circuit courts; (3) is likely to arise again and a decision of the court would alleviate uncertainty; or (4) will likely be repeated, but evades appellate review because the appellate review process cannot be completed or even undertaken in time to have a practical effect on the parties."[1]

¶ 49. A number of these factors militate in favor of deciding in the present case whether a parolee has a right to the assistance of counsel when filing an admin-

[1] *State v. Morford,* 2004 WI 5, ¶ 7, 268 Wis. 2d 300, 674 N.W.2d 349.

istrative appeal of a parole revocation decision. The decision to revoke parole implicates the safety of the public and the fairness of the procedures and is of great importance to both the petitioner and the public. Furthermore, parole revocation proceedings, and subsequent appeals, are a daily administrative matter.

¶ 50. In addition, both petitioners and the State briefed the issue with sufficient thoroughness for this court to render a decision.[2] I cannot agree with the majority opinion that we should save this question for yet another day.

## II

¶ 51. Having concluded that the court should address the question of the right to counsel to file an administrative appeal, I now turn to answering the question. A brief history of the litigation on this issue is informative.

¶ 52. The right to counsel for filing an administrative appeal was first addressed by the court of appeals in *State ex rel. Mentek v. Schwarz*, 2000 WI App 96, 235 Wis. 2d 143, 612 N.W.2d 748 (*Mentek I*). In that case, counsel represented Mentek at his probation revocation hearing,[3] but following an adverse decision,

---

[2] The petitioners argued for this right, relying on the dissenting and concurring opinions in *State ex rel. Mentek v. Schwarz*, 2000 WI App 96, 235 Wis. 2d 143, 612 N.W.2d 746 (*Mentek I*), and *State ex rel. Mentek v. Schwarz*, 2001 WI 32, 242 Wis. 2d 94, 624 N.W.2d 150 (*Mentek II*), as well as on public policy grounds of the desirability of a bright line rule. *See* Petitioners-Appellants' Brief at 23–47.

The State also argued at length for the right to counsel at the final revocation hearing. *See* Respondent's Brief at 18–22.

[3] *Mentek I*, 235 Wis. 2d 143, ¶ 4.

counsel wrote Mentek a letter stating that an appeal would have no merit.[4] Mentek then filed a petition for writ of certiorari in the circuit court.[5]

¶ 53. The State moved to dismiss the petition, arguing that Mentek had failed to exhaust his administrative remedies.[6] The circuit court granted the State's motion.[7] In a split decision, the court of appeals concluded that Wis. Admin. Code § HA 2.05(3)(f)[8] does not grant a petitioner the right to counsel beyond the probation revocation hearing.[9] The dissenting opinion construed the Code as providing the right to counsel to file an administrative appeal.[10]

---

[4] *Mentek I,* 235 Wis. 2d 143, ¶ 5.

[5] *Mentek I,* 235 Wis. 2d 143, ¶ 6.

[6] *Mentek I,* 235 Wis. 2d 143, ¶ 8.

[7] *Mentek I,* 235 Wis. 2d 143, ¶ 8.

[8] Wisconsin Admin. Code § HA 2.05 (3) (Sept. 2001) enumerates a parolee's rights as follows:

(3) CLIENT'S RIGHTS. The client's rights at the hearing include:

(a) The right to be present;

(b) The right to deny the allegation;

(c) The right to be heard and to present witnesses;

(d) The right to present documentary evidence;

(e) The right to question witnesses;

(f) The right to the assistance of counsel;

(g) The right to waive the hearing;

(h) The right to receive a written decision stating the reasons for it based upon the evidence presented; and

(i) The right to appeal the decision in accordance with sub.(8).

[9] *Mentek I,* 235 Wis. 2d 143, ¶ 17.

[10] *Mentek I,* 235 Wis. 2d 143, ¶ 25 (Brown, P.J., dissenting).

¶ 54. On review of *Mentek I*, this court reversed the court of appeals' decision on narrow grounds. *State ex rel. Mentek v. Schwarz*, 2001 WI 32, 242 Wis. 2d 94, 624 N.W.2d 150 (*Mentek II*). Instead of addressing Mentek's claim to counsel, this court focused on whether the doctrine of exhaustion of administrative remedies should be applied to Mentek's certiorari action.[11] This court held that although Mentek failed to exhaust his administrative remedies, the circuit court could still exercise jurisdiction over his petition for writ of certiorari.[12]

¶ 55. I concurred in *Mentek II*, addressing the right-to-counsel question left open by the majority opinion. In doing so, I adopted the reasoning of Judge Brown's dissent in *Mentek I*.[13]

¶ 56. Both Judge Brown and I concluded that the most reasonable interpretation of Wis. Admin. Code § HA 2.05(3) and § HA 2.05(8)[14] is that a parolee has the right to the assistance of counsel in filing an administrative appeal. I will not repeat our reasoning here. It is available in both published opinions.

---

[11] *Mentek II*, 242 Wis. 2d 94, ¶ 2.

[12] *Mentek II*, 242 Wis. 2d 94, ¶ 17.

[13] *Mentek II*, 242 Wis. 2d 94, ¶ 19 (Abrahamson, C.J., concurring).

[14] Wisconsin Admin. Code § HA 2.05(8)(a) and (b) (Sept. 2001) provide as follows:

> (8) Appeal. (a) The client, the client's attorney, if any, or the department representative may appeal the administrative law judge's decision by filing a written appeal with arguments and supporting materials, if any, with the administrator within 10 days of the date of the administrative law judge's written decision.
>
> (b) The appellant shall submit a copy of the appeal to the other party who has 7 days to respond.

¶ 57. On my review of *Mentek I* and *Mentek II,* I am persuaded that Judge Brown and I were correct. I am pleased to report that the State is now also persuaded of the correctness of these opinions and has adopted their reasoning and conclusions.

¶ 58. After analyzing the Code and statutes, the State's brief concludes that "[a]lthough the State argued in *Mentek* that there is no right to counsel for filing an administrative appeal, the State now respectfully withdraws from that position."[15] The State's brief asserts that "read together, Wis. Admin. Code § HA 2.05(3) and (8) and Wis. Stat. § 977.05(6)(h) and (i) reasonably support the proposition that the *statutory* right to the assistance of counsel at a final revocation hearing extends to the assistance of counsel for timely filing an *administrative appeal.*"[16]

¶ 59. The State's brief points out three questions that may arise in the future if the court recognizes a statutory right to counsel to timely file an administrative appeal from a revocation. The three questions the State's brief poses are as follows:

> If there is a statutory right to counsel to timely file an administrative appeal from a revocation, is there a companion right to *effective* assistance of counsel in the *presentation* of the substantive arguments and supporting materials on administrative appeal? Moreover, must counsel *always* file an administrative appeal upon the parolee's request, even if counsel believes an administrative appeal would be meritless? If the answers are yes, what standards of review apply, especially with

[15] Respondent's Brief at 25.
[16] *Id.*

respect to the question of prejudice from counsel's alleged deficient performance?[17]

¶ 60. The State's brief carefully explains, however, that this court need not now decide the foregoing questions in the present cases. The defendants in the present cases had, according to the State's brief, timely filed administrative appeals with the assistance of counsel, and neither parolee is alleging ineffective assistance of counsel in the handling of an administrative appeal.[18]

¶ 61. I agree with the State that answering the question about the right to counsel at an administrative appeal will doubtless produce further questions. But experience shows that ignoring a question does not ordinarily make it go away. Delay in answering the issue presented here and in *Mentek I* and *Mentek II,* only means uncertainty and additional expense and delay for the State and defendants.

¶ 62. For the reasons set forth, I conclude that the majority opinion should have reached the issue of whether a parolee has a right to the assistance of counsel when filing an administrative appeal of a revocation decision, and it should have concluded, as the State has, that such a right exists.

¶ 63. For the reasons set forth, I concur.

¶ 64. DIANE S. SYKES, J. (*concurring*). I agree with the majority's analysis of the right to counsel in this context, and also with its formulation of an equitable tolling remedy in the circumstances of the cases before the court. On the issue of retroactivity, I agree with the majority's result but disagree with its analysis.

---

[17] *Id.*

[18] Respondent's Brief at 26.

Retroactivity in the context of a collateral attack by habeas petition of a judgment already final is governed by *Teague v. Lane,* 489 U.S. 288, 310 (1989), and *State ex rel. Schmelzer v. Murphy,* 201 Wis. 2d 246, 258–59, 548 N.W.2d 45 (1996). *See State ex rel. Brown v. Bradley,* 2003 WI 14, ¶¶ 38–52, 259 Wis. 2d 630, 658 N.W.2d 427 (Sykes, J., dissenting). The majority applies the retroactivity analysis of *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106 (1971), which the United States Supreme Court abandoned in *Harper v. Virginia Dep't of Taxation,* 509 U.S. 86, 90 (1993), and which, in any event, does not govern collateral attack retroactivity analysis.

¶ 65. Here, as in *Brown,* the parties did not brief the issue of Wisconsin's continued reliance on *Chevron Oil* in light of *Harper.* For that reason, and because the precise retroactivity question in this case (retroactivity in the context of habeas collateral attack) is governed by *Teague/Schmelzer,* we need not address here whether to conform our law to *Harper.* It is also true that the parties did not brief *Teague/Schmelzer* retroactivity analysis. In any event, because the majority has reached the same result that a *Teague/Schmelzer* analysis would yield, I respectfully concur.

¶ 66. I am authorized to state that Justices JON P. WILCOX, and N. PATRICK CROOKS join this concurrence.