State of Wisconsin, Plaintiff-Respondent,
v.
Brian Mallory, Defendant-Appellant.
No. 03-1723.
Court of Appeals of Wisconsin.
Opinion Filed: January 27, 2005.
Before Deininger, P.J., Vergeront and Higginbotham, JJ.
¶1 PER CURIAM.
Brian Mallory, pro se, appeals the circuit court's order denying his motion for reconsideration. He seeks reinstatement of the time limit for seeking certiorari review in the circuit court of a probation revocation decision. He argues that he should be allowed to belatedly seek certiorari review because his attorney failed to file a petition on his behalf and did not inform him of his right to file the petition pro se. We affirm.
¶2 Mallory's probation was revoked on June 14, 2001. His attorney, James Hublou, appealed to the Division of Hearings and Appeals on June 23, 2001. The Division of Hearings and Appeals affirmed the revocation decision on June 28, 2001. Nearly two years later, Mallory brought a motion to reinstate the deadline for petitioning for certiorari review in the circuit court of the June 28, 2001 decision. The circuit court denied the motion to reinstate the deadline. Mallory filed two motions for reconsideration, which the circuit court also denied.
¶3 Mallory first contends that he received ineffective assistance of counsel because his attorney did not timely file the petition for certiorari review on his behalf. Based on State ex rel. Griffin v. Smith, 2004 WI 36, 270 Wis. 2d 235, 677 N.W.2d 259, we reject this claim. In Griffin, the supreme court held that persons on parole and probation do not have a right to counsel to timely file for certiorari review in the circuit court. Id., ¶2 n.2, ¶3. Although the supreme court acknowledged that relief might be granted in some cases on equitable grounds where a petitioner timely asks counsel to file for certiorari and counsel promises to do so, but does notthose circumstances do not exist in this case because Mallory does not allege that his counsel promised to seek certiorari review, but did not. See id., ¶38.
¶4 Mallory next contends that he received ineffective assistance of counsel because his attorney did not inform him of his right to file a pro se petition, nor did he inform him of the time limits and procedure for doing so. This argument also fails. Mallory did not have the right to counsel during the administrative appeal of his probation revocation. See State ex rel. Mentek v. Schwarz, 2000 WI App 96, ¶¶17-18, 235 Wis. 2d 143, 612 N.W.2d 746. Although the supreme court reversed our decision in Mentek on other grounds,[1] it did not specifically reverse our holding on this issue, and it thus retains precedential value. See State v. Byrge, 225 Wis. 2d 702, 717-18 n.7, 594 N.W.2d 388 (Ct. App. 1999). Since Mallory did not have the right to counsel during the administrative appeal of the revocation decision, he had no right to the effective assistance of counsel. See State ex rel. Schmelzer v. Murphy, 201 Wis. 2d 246, 253, 548 N.W.2d 45 (1996) (the right to the effective assistance of counsel is grounded on the right to counsel). Because Mallory had no right to the effective assistance of counsel, he cannot successfully claim redress for counsel's alleged failure to inform him of appeal rights and procedures.
By the Court.  Order affirmed.
NOTES
[1] State ex rel. Mentek v. Schwarz, 2001 WI 32, ¶2, 242 Wis. 2d 94, 624 N.W.2d 150. Concurrences in Mentek, ¶18 and in State ex rel. Griffin v. Smith, 2004 WI 36, 270 Wis. 2d 235, 677 N.W.2d 259, have argued that the supreme court should squarely address whether a right to counsel exists on administrative appeal of a probation or parole revocation decision. This case illustrates the point made in the concurrences that this issue arises often. Id., ¶47.