¶ 54.
PATIENCE DRAKE ROGGENSACK, C.J.
0concurring). Although I would reverse the decision of the court of appeals and remand for the assignment of a different circuit court judge to preside at Zimbal's trials, I respectfully concur in, but do not join, the majority opinion. The majority opinion's standard, which cases have described as "relaxing]" the rule of strict compliance with Wis. Stat. § 971.20(7),[1] is too amorphous to provide guidance in future cases where a circuit court's interaction with an unrepresented defendant contributes to temporal problems with statutory compliance.
*668 ¶ 55. Instead, I would apply the well-developed factors of the doctrine of equitable tolling and conclude that the circuit court herein tolled the statutory time limits of Wis. Stat. § 971.20(7) when it acknowledged Zimbal's request for substitution and told Zimbal that substitution would wait until counsel was appointed. I would so conclude because Zimbal made a good faith error in relying on the circuit court's statement that his request for substitution on remand from his successful appeal would be taken up after counsel was appointed; he had no control over when counsel was appointed; and the State is not prejudiced by the application of equitable tolling. Counsel filed Zimbal's substitution request within 20 days of being appointed, which was timely due to the circuit court's tolling the temporal requirements of § 971.20(7) until counsel was appointed. Therefore, the court of appeals erred when it affirmed the circuit court's denial of Zimbal's substitution request.
I. BACKGROUND
¶ 56. This substitution issue arose shortly after Zimbal prevailed on appeal of the circuit court's denial of his Bangert motion to withdraw his pleas.[2] Upon vacation of the judgments of conviction and his pleas, the court of appeals remanded Zimbal's cases to the circuit court on September 4, 2013.
¶ 57. On October 7, 2013, when Zimbal appeared without counsel in circuit court, the following exchange took place:
Mr. Zimbal: I'm also asking that you recuse yourself because there is no way you can be impartial.
*669 The Court: Since you probably haven't done any research, I'll let your attorney do research on that issue and you can address that at the status conference. I'll deny your request at this time.
The circuit court then adjourned until an October 29 status conference to await appointment of counsel.
f 58. On October 7, 2013, Zimbal also wrote to the court of appeals asking that the circuit court judge who presided at his convictions and sentencing be removed. He said, "I feel I will never get any fair rulings in his courtroom due to his Bias to this case and his inability to be impartial and Fair."
¶ 59. On October 11, 2013, remittitur occurred. On October 17, 2013, the clerk of the court of appeals replied to Zimbal, explaining that the records in his cases had been remitted to the circuit court. On October 29, 2013, because counsel had not yet been appointed for Zimbal, the status conference was adjourned.
¶ 60. On November 1, 2013, counsel was appointed. On November 18, 2013, counsel filed a written request for substitution with the circuit court. The circuit court denied the request as untimely under Wis. Stat. § 971.20(7) and proceeded to trial.
f 61. A jury found Zimbal guilty of multiple counts in both pending cases. The circuit court again sentenced Zimbal to consecutive, maximum sentences. Zimbal filed a postconviction motion requesting a new trial in the interest of justice because his motion for substitution should have been granted but was not. The court of appeals affirmed the circuit court's denial of his postconviction motion. We now reverse, vacate the judgments of conviction, and order the substitution of the circuit court judge and new trials on the pending charges.
*670 II. DISCUSSION
f 62. The State relies on Wis. Stat. § 971.20(7) to assert that Zimbal's requested substitution is not timely. It provides:
(7) Substitution of Judge Following Appeal. If an appellate court orders a new trial or sentencing proceeding, a request under this section may be filed within 20 days after the filing of the remittitur by the appellate court, whether or not a request for substitution was made prior to the time the appeal was taken.
Because remittitur occurred October 11, 2013 and Zimbal's counsel filed the substitution request on November 18, 2013, the State contends, and the circuit court and court of appeals concluded, the filing was not timely.
f 63. Zimbal argues that the circuit court's statement that it would not address his request for substitution until after counsel was appointed tolled the filing requirements of Wis. Stat. § 971.20(7) until counsel was appointed. He asserts that the doctrine of equitable tolling should be applied because he tried to bring his right of substitution to the circuit court's attention; he relied in good faith on the circuit court's statement; he had no control over when counsel would be appointed; and counsel filed a written request for substitution within 20 days of being appointed.
A. Standard of Review
¶ 64. We have not set a clear standard of review that should be applied to a circuit court's decision in regard to equitable tolling. However, when the material facts are not contested, we have reviewed whether temporal performance of an act has been equitably *671 tolled independent of the decisions of the court of appeals and the circuit court, but benefitting from their discussions. State v. Nichols, 2001 WI 119, 247 Wis. 2d 1013, 635 N.W.2d 292. Here, material facts are uncontested and therefore, we independently review whether the doctrine of equitable tolling is appropriate for us to apply.
B. Equitable Tolling
¶ 65. "Equitable tolling is a remedy that permits a court to allow an action to proceed when justice requires it, even though a statutory time period has elapsed." 51 Am. Jur. 2d, Limitations of Actions § 153 (2017). "Equitable tolling focuses on whether there was excusable delay by the plaintiff." Id. The doctrine may be applied when a claimant has made a good faith error and there is an absence of prejudice to others if it is applied. Id., § 154.
¶ 66. We have employed equitable tolling when a required act is dependent on a prior necessary act of another over whom the person seeking equitable tolling has no control. Nichols, 247 Wis. 2d 1013, f 26. Wisconsin appellate courts have tolled statutory deadlines as an equitable solution for harsh results that would follow from a required action outside of defendant's control. Walker v. McCaughtry, 2001 WI App 110, ¶ 13, 244 Wis. 2d 177, 629 N.W.2d 17 (citing Steldt v. McCaughtry, 2000 WI App 176, ¶ 17, 238 Wis. 2d 393, 617 N.W.2d 201).
¶ 67. In an equitable tolling defense, courts must determine the date on which tolling may have occurred. This may be a factual or a legal question. Griffin v. Smith, 2004 WI 36, ¶ 38, 270 Wis. 2d 235, 677 N.W.2d 259. If the question is factual, a remand is *672 required. At other times, as when material facts are uncontested, the date on which tolling may occur will be established as a matter of law. Id.
¶ 68. Here, Zimbal requested counsel; however, he had no control over when counsel would be appointed. On October 7, while Zimbal was unrepresented, the circuit court said that Zimbal's substitution request would wait until counsel was appointed. On October 7, 2013, Zimbal also brought his substitution request to the clerk of the court of appeals, and he continued to wait for the appointment of counsel.
¶ 69. In regard to Zimbal's equitable tolling argument, the State does not assert that it would be prejudiced by granting Zimbal's substitution request. The State merely asserts that the cases Zimbal cites deal with prisoners and should not excuse Zimbal's failure to file a written substitution request.
f 70. I agree with Zimbal. He relied on the circuit court's directive that his substitution request would wait until after counsel was appointed. He made a good faith error in waiting for the appointment of counsel, and the State is not prejudiced by the application of equitable tolling to his request for substitution under Wis. Stat. § 971.20(7). Accordingly, I conclude that the circuit court's October 7, 2013 decision tolled the temporal requirements for substitution under § 971.20(7) until after counsel was appointed.
¶ 71. Counsel was appointed for Zimbal on November 1, 2013. Because Zimbal's counsel had 20 days after appointment to file a substitution request, his filing was due on or before November 21. He filed for substitution on November 18, 2013. Zimbal's substitution request was timely.
*673 III. CONCLUSION
¶ 72. In conclusion, I would apply the well-developed factors of the doctrine of equitable tolling and conclude that the circuit court herein tolled the statutory time limits of Wis. Stat. § 971.20(7) when it acknowledged Zimbal's request for substitution and told Zimbal that substitution would wait until counsel was appointed. I would so conclude because Zimbal made a good faith error in relying on the circuit court's statement that his request for substitution on remand from his successful appeal would be taken up after counsel was appointed; he had no control over when counsel was appointed; and the State is not prejudiced by the application of equitable tolling. Counsel filed Zimbal's substitution request within 20 days of being appointed, which was timely due to the circuit court's tolling the temporal requirements of § 971.20(7) until counsel was appointed. Therefore, the court of appeals erred when it affirmed the circuit court's denial of Zimbal's substitution request. Having so stated, I respectfully concur in the majority opinion.
¶ 73. I am authorized to state that Justices REBECCA GRASSL BRADLEY and DANIEL KELLY join this concurrence.

 Majority Op. ¶ 41. See State ex rel Tinti v. Circuit Court of Waukesha County, Branch II, 159 Wis. 2d 783, 788, 464 N.W.2d 853 (Ct. App. 1990) (concluding that in "both Tessmer [v. Circuit Court Branch III, 123 Wis. 2d 439, 367 N.W.2d 235 (Ct. App. 1985)] and Baldwin v. State, 62 Wis. 2d 521, 215 N.W.2d 541 (1974), the filing deadline of the substitution statute was relaxed where the judicial assignment system did not adequately advise, prior to arraignment, of the judge to whom the case was to be assigned for trial.").

 State v. Zimbal, Nos. 2012AP2234-CR & 2012AP2235-CR (Wis. Ct. App. Sept. 4, 2013); State v. Bangert, 131 Wis. 2d 246, 389 N.W.2d 12 (1986).